## ATLANTIC BANK & TRUST CO. v. COMMISSIONER OF INTERNAL REVENUE.
### No. 3272.

Circuit Court of Appeals, Fourth Circuit. June 13, 1932.

364

Frank J. Albus, of Washington, D. C., for petitioner.

John H. McEvers, Sp. Asst. to the Atty. Gen. (G. A. Youngquist, Asst. Atty. Gen., Sewall Key, Sp. Asst. to the Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and C. R. Marshall, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for respondent.

Before PARKER and NORTHCOTT, Circuit Judges, and WAY, District Judge.

NORTHCOTT, Circuit Judge.

This is a petition to review a decision of the Board of Tax Appeals sustaining a determination of a deficiency in income taxes against the petitioner made by the Commissioner of Internal Revenue. The deficiency, as determined, was for the years 1922, 1923, and 1924, in the sums of $16,201.59, $2,327.71, and $3,344.55, making a total of $21,873.85.

The petitioner, during the years in question, was a bank organized under the laws of the state of North Carolina, with its principal place of business at Greensboro.

In its income tax return for the calendar year 1921, petitioner claimed a deduction of $5,000 as a bad debt evidenced by a certificate of deposit of the Bank of Coats, and also a deduction of $46,834.20 as a reserve for bad debts.

The Commissioner of Internal Revenue allowed the deduction of $5,000 as a bad debt for the calendar year 1921, but disallowed the deduction of $46,834.20 as a reserve, and his action was sustained by the Board of Tax Appeals. 10 B. T. A. 796. From this decision the petitioner did not appeal.

In making its return for the year 1922, the petitioner claimed as a reserve for bad debts the sum of $125,000, and made no claim for specific bad debts. In the return for the year 1923, petitioner claimed as an addition to its reserve for bad debt the sum of $16,000, and also claimed as a deduction $34,134.27 for bad debts, and for the year 1924 claimed $20,000 as an addition to its reserve, and in addition claimed $5,988.28 for

bad debts. The Commissioner held, as he had held with respect to the year 1921, that petitioner was not entitled to the amounts claimed for reserve for bad debts for any of the years 1922, 1923, and 1924.

On appeal the Board of Tax Appeals affirmed the action of the Commissioner.

The pertinent part of the Revenue Act of 1921 (42 Stat. 254) as applying to this appeal is as follows:

"Sec. 234. (a) That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions: * .* *

"(5) Debts ascertained to be worthless and charged off within the taxable year (or in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts); and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt to be charged off in part."

A similar provision is found in section 234 (a) (5) of the Revenue Act of 1924, 26 USCA § 986 (a) (5).

Regulation No. 62 was prepared by the Commissioner of Internal Revenue under the Revenue Act of 1921. Article 151 of these regulations provides as follows:

"Art. 151. Bad debts.—Bad debts may be treated in either of two ways—(1) by a deduction from income in respect of debts ascertained to be worthless in whole or in part, or (2) by a deduction from income of an addition to a reserve for bad debts. For the year 1921 taxpayers may, regardless of their previous practice, elect either of these two methods and will be required to continue the use in later years of the method so elected unless permission to change to the other method is granted by the Commissioner.

"Art. 155. Reserve for Bad Debts.— Taxpayers for 1921 may elect the reserve method of treating bad debts, and for 1921 and subsequent years may deduct from gross income a reasonable addition to a reserve for bad debts in lieu of a deduction for specific bad-debt items.

"What constitutes a reasonable addition to a reserve for bad debts must be determined in the light of the facts, and will vary as between classes of business and with conditions of business prosperity. A taxpayer using the reserve method should make a statement in his return showing the volume of his charge sales (or other business transactions) for the year and the percentage of the reserve to such amount, the total amount

of notes and accounts receivable at the beginning and close of the taxable year, and the amount of the debts which have been ascertained to be wholly or partially worthless and charged against the reserve account during the taxable year."

It is evident that a taxpayer of this class must use one of two methods in claiming bad debts. Either the charge must be made for the specific debts claimed to be worthless or the reserve method must be used. The taxpayer may not use both methods, and, if the reserve method be adopted, article 155 of Regulation 62 must have been complied with. Here the petitioner, according to the determination of the Commissioner, had not properly gone on the reserve system. It had made returns for the year 1921 under both systems, and its claim for reserve had been disallowed, not only by the Commissioner, but by the Board of Tax Appeals. While petitioner only claimed a deduction for reserve in the year 1922, it does not show that for that year it had complied with article 155 of Treasury Regulations 62. Again in 1923 and 1924, petitioner claimed not only sums for reserve, but claimed certain sums for specific bad debts, showing that it was not using the reserve method only.

It is most significant that the bank never opened a reserve account for bad debts on its books and never deducted from its assets the amounts claimed in its tax return for reserve, while, on the other hand, it did deduct all amounts claimed as specific bad debts.

It is also significant that petitioner never made any request of the Commissioner to change its method.

The determination of the Commissioner is prima facie correct [Wright et al. v. Commissioner of Internal Revenue (C. C. A.) 50 F.(2d) 727], and his determination can only be reversed by the Board of Tax Appeals upon evidence. [Burnet, Commissioner, v. Houston, 283 U. S. 223, 51 S. Ct. 413, 75 L. Ed. 991.]. The burden was upon the petitioner, not only to establish the fact that the determination of the Commissioner was erroneous, but to establish facts from which a correct determination could be made. Burnet v. Houston, supra; American Land & Investment Co. v. Commissioner (C. C. A.) 40 F.(2d) 336. The Board is a fact-finding body (Goldsmith v. United States Board of Tax Appeals, 270 U. S. 117, 46 S. Ct. 215, 70 L. Ed. 494), and this court cannot substitute its judgment for that of the Board.

Having in mind these principles, we are led to the conclusion that the action of the Board, upon the evidence presented, in refusing to set aside the determination of the Commissioner, was right.

Petitioner has not only failed to show that the determination of the Commissioner was erroneous, but has also failed to establish, by proper evidence, facts from which a correct determination could be made, in the event the Commissioner's determination had been held to be erroneous.

Attorneys for petitioner rely upon the cases of Rhode Island Hospital Trust Co. v. Commissioner of Internal Revenue (C. C. A.) 29 F.(2d) 339, and First National Bank of Omaha v. Commissioner (C. C. A.) 49 F.(2d) 70, but in both these cases the taxpayer had entered on its books an account showing a reserve for bad debts, and a different state of facts was presented from that existing here.

The decision of the Board is accordingly

Affirmed.