*Decision will be entered under Rule 50.*

## ETHEL B. DUNN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 1934.   Promulgated February 21, 1944.

*Meurice N. Swim, Esq.*, for the petitioner.
*T. M. Mather, Esq.*, for the respondent.

OPINION.

ARUNDELL, *Judge*: The question that is posed by the parties and to which their arguments are directed is the effect of an interlocutory decree of divorce upon the property rights of the spouses in the community. Before directly discussing that issue it should be noted that, while divorce proceedings were instituted in 1938, the case was not brought to trial until 1940, and it was during some undisclosed time in that year that the interlocutory decree was granted. Surely the mere institution of a divorce action can not affect the community in any way and during that time the legal relationship of petitioner and her husband remained unchanged. Thus, as to all of 1939 and a part, perhaps a major part, of 1940, the position of respondent is unassailable.

Returning to the question as presented, it should be noted that since the adoption of section 161 (a) of the California Civil Code on July 29, 1927, the community income of a husband and wife domiciled in California has been returnable one-half by each spouse. *United States* v. *Malcolm*, 282 U. S. 792. That the husband and wife are separated is immaterial. *Herbert Marshall*, 41 B. T. A. 1064; *Paul Cavanagh*, 42 B. T. A. 1037; affd. (C. C. A., 9th Cir.), 135 Fed. (2d) 266; *Edna Smart Sherman*, 29 B. T. A. 616; affd. (C. C. A., 9th Cir.), 76 Fed. (2d) 810.

The entry of an interlocutory decree of divorce in California does not dissolve the marriage bonds, but is a mere judicial declaration that the aggrieved spouse is entitled to a divorce. *Corbett* v. *Corbett*, 113 Cal. App. 597; 298 Pac. 819; *Olson* v. *Superior Court of Merced County*, 175 Cal. 250; 165 Pac. 706. It is the final decree alone that grants the divorce. *In re Dargie's Estate*, 162 Cal. 51; 121 Pac. 320; *Brown* v. *Brown*, 170 Cal. 1; 147 Pac. 1168.

The interlocutory decree does not alter the preexisting status, terminate the community, or affect the rights of the respective spouses in community property. Property acquired by the husband between the granting of the interlocutory decree and the entry of the final decree is community property in which the wife has an equal interest, *Brown* v. *Brown*, *supra*, and the existence of such an interlocutory decree will not deprive the wife of her marital rights in the community estate where her husband dies before the entry of a final decree. *In re Seiler's Estate*, 164 Cal. 181; 128 Pac. 334.

In view of the foregoing, we think there can be no doubt that petitioner is liable for tax on one-half of the community income for the years 1939 and 1940.

As the record contains no satisfactory evidence that the failure of petitioner to file a return in 1939 was due to reasonable cause, the penalty, as determined by respondent, must stand.

*Decision will be entered for the respondent.*