LESLIE A. SUTOR AND MARJORIE MAY SUTOR, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 23050. Promulgated July 25, 1951.

*Leslie A. Sutor, pro se.*
*Robert G. Harless, Esq.,* for the respondent.

OPINION.

HILL, *Judge:* The first issue is whether Marjorie May Sutor's income tax returns for 1943 and 1944, barred from assessment of deficiencies under the 3-year limitation of section 275 (a) of the Internal Revenue Code, may, under the facts of this proceeding, be subject to assessment under the 5-year limitation of section 275 (c) of the Code. Respondent has conceded that Leslie A. Sutor's 1943 income tax return is barred by section 275 (a) of the Code. But, inasmuch as Leslie filed a waiver of limitations with respect to his 1944 return, that return is open to assessment of a deficiency.

As the findings indicate, the determination of deficiencies was made within five years of the date of filing for all returns in issue. The returns in question are in evidence. Cf. *C. A. Reis*, 1 T. C. 9.

Gross receipts from the launch business represented gross income to the petitioners herein. Cf. Regulations 111, section 29.22 (a)–5; *Estate of R. L. Langer*, 16 T. C. 41; see also Accountant's Handbook, 2d ed., page 1078. The failure of Marjorie May Sutor to include one-half of these gross receipts in her 1943 and 1944 returns resulted in her omitting an amount properly includible in her gross income which was in excess of 25 per cent of the amount of gross income stated in the returns. Section 275 (c) of the Code. Even if this omission arose from honest mistake of the parties herein, the returns in question may be subjected to determination of deficiency under section 275 (c) of the Code. Cf. *Anna Eliza Masterson*, 1 T. C. 315; *Edwin L. Wiegand*, 14 T. C. 136. This income should have been reported in equal portions by each petitioner and the deductions therefrom similarly divided. *United States* v. *Malcolm*, 282 U. S. 792;

California Civil Code, section 161 (a) ; O. D. 909 (1921), p. 254; see also Mertens, Law of Federal Income Taxation, section 19.06.

The California community property law is effective for Federal taxation purposes. Cf. *John Miller Kane*, 11 T. C. 74. Under that law the income attributable to the personal efforts of either the husband or the wife is community income and for tax purposes must be divided equally between them. *O'Bryan* v. *Commissioner*, 148 F. 2d 456; *Ethel B. Dunn*, 3 T. C. 319; see also Mertens, section 19.04. Likewise, income attributable to community owned property is community income and is so divided. *Edwin C. F. Knowles*, 40 B. T. A. 861; California Civil Code, section 161 (a). The launch business, which was acquired after the petitioners' marriage, under the governing presumption of California law, was community property of the petitioners, the petitioners having furnished no evidence to show it was separate property. California Civil Code, section 164; *Estate of Jolly*, 196 Cal. 547, 238 Pac. 353. Further, since the business was initiated in or about 1937, it appears that it was property acquired after July 29, 1927. See *Edwin C. F. Knowles, supra.*

The second question then presented is whether or not the respondent erred in disallowing deductions for depreciation and certain expenditures claimed on the petitioners' returns for the taxable periods involved. A related issue is whether respondent erred in determining a negligence penalty under section 293 (a) of the Internal Revenue Code.

Respondent disallowed portions of depreciation deductions claimed by petitioners for the years 1943 and 1944, and he has increased the deduction for 1945.[1] No evidence having been submitted to support the petitioners' contention that the hulls and engines had a shorter useful life than respondent determined, we sustain the respondent's determination in respect thereof. Cf. *David Watson Anderson*, 5 T. C. 1317.

Respondent's disallowance of certain expenditures claimed by petitioners for the taxable periods involved puts upon petitioners the burden of proving facts necessary to allow such deductions. Cf. *Atlantic Bank & Trust Co.* v. *Commissioner*, 59 F. 2d 363; *Burnet* v. *Houston*, 283 U. S. 223. Petitioners' evidence as to these claimed deductions consists largely of estimates and uncorroborated statements by petitioner, Leslie A. Sutor. No documentary evidence was offered. Respondent allowed all deductible expenditures supported by cancelled checks. We hold that the items of expenditures disallowed by respondent were properly disallowed.

Furthermore, in the operation of the launch business in particular, petitioners failed to keep any books of account or records. Section

---

[1] Respondent also disallowed a claimed adjustment to the depreciation basis as a result of a sale of a boat or boats in 1943. As we have found, this transaction instead resulted in a capital gain of $345.84 in 1943,

54 of the Code; Regulations 111, section 29.54–1. This failure, when considered in the light of petitioners' education and business experience, and Leslie A. Sutor's own testimony as to the ample amount of idle time the business involved, establishes to our satisfaction that part of the deficiencies in each year involved was due to negligence, but without intent to defraud, on the part of the petitioners. We therefore find that respondent correctly imposed the 5 per cent negligence penalty in each taxable year involved. Section 293 (a) of the Code.

Petitioners assign as error an alleged violation by respondent of section 3631 of the Code, stating that respondent had examined their books and records more than once for each taxable year involved and without giving written notice beforehand. Petitioners have not shown that such violations occurred. Moreover, on its face, the petitioners' position is inconsistent with their failure to keep books or records. Again, this is not a defense invalidating the deficiency since the examinations, if so made, were apparently conducted without timely objection by the petitioners and the protection thus afforded by section 3631 was therefore waived by the failure to object. See *Philip Mangone Co.* v. *United States*, 54 F. 2d 168; *J. S. McDonnell*, 6 B. T. A. 685.

In computing the deficiency for 1943 under section 6 of the Current Tax Payment Act of 1943, the year 1942 may be considered although the 1942 return was filed more than 5 years prior to the date shown in the notice of deficiency.

In *Z. W. Koby*, 14 T. C. 1103, the Court stated as follows:

\* \* \* It must be borne in mind that respondent has not determined any deficiency for the year 1942. The only year in question in this proceeding is 1943, although the forgiveness provisions of the Current Tax Payment Act of 1943 require that the petitioner's income for 1942 be considered in arriving at his tax liability for 1943.

*Decision will be entered under Rule 50.*

