JOHN E. TYNER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Tyner v. Commissioner
Docket No. 4838-76.
United States Tax Court
T.C. Memo 1977-375; 1977 Tax Ct. Memo LEXIS 61; 36 T.C.M. (CCH) 1526; T.C.M. (RIA) 770375; October 31, 1977, Filed John E. Tyner, pro se. Michael R. McMahon, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: Respondent determined deficiencies in petitioner's Federal income taxes and additions to tax as follows: Addition to Tax [1] Year
Deficiency
Sec. 6651(a)
Sec. 6653(a)
1972
$2,945.00
$736.25
$147.25
1973
3,134.00
783.50
156.70
*62 At issue are (1) the correct amount of petitioner's taxable income for the years 1972 and 1973; (2) whether petitioner is liable for additions to tax undder section 6651(a) for failure to file Federal income tax returns for such years; and (3) whether any part of the underpayment of tax for 1972 and 1973 was due to negligence or intentional disregard of rules and regulations, thus making the petitioner liable for the additions to tax under section 6653(a). FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. John E. Tyner (petitioner) was a legal resident of Montesano, Washington, when he filed his petition in this case. Petitioner filed on June 25, 1974, a Form 1040 for each of the taxable years 1972 and 1973 with the Internal Revenue Service Center at Ogden, Utah. On Form 1040 for 1972 he reported on line 9, as compensation, "Approx. 18.00," and 2.16 on line 11 as interest income. On line 12 the words "Object-self incrimination; 5th Amend." appear. And on page 2 of the Form 1040 the words "5th Amend.; U.S. Const." appear *63 in several places. On the Form 1040 for 1973 the petitioner reported on line 9, as compensation, "approx. 15.00" and 1.38 on line 11 as interest income. On line 12 the words "Object-self incrimination; 5th Amend." appear. On page 2 of the Form 1040 the words "5th Amend.; U.S. Const." appear. Amended Forms 1040 were filed on February 19, 1975, which are essentially the same as the original Forms 1040. Petitioner is a Doctor of Chiropractic Medicine. He graduated in June 1969 and interned with Dr. Fabianek at Federal Way, Washington. Petitioner established his own practice as a chiropractor on September 1, 1971, in Montesano. He took over the practice of Dr. Randall at that time. He rented his office space and purchased necessary office supplies and equipment. On July 20, 1971, in applying for a loan to purchase a house, the petitioner stated in his application to the Capital Savings and Loan Association of Olympia that he estimated making $20,000 annually. In another application for an automobile loan, which was submitted to the Pacific National Bank of Washington on May 3, 1973, the petitioner estimated that he made about $2,000 per month. Petitioner did not keep *64 books and records of his medical practice in 1972 and 1973. He did keep books and records for subsequent years. His Federal income tax returns for 1974 and 1975, which were prepared by a tax consultant, show the following: Total
Gross
Business
Net Year
Profit
Deductions
Profit
1974
$20,330
$ 9,539
$10,791
1975
21,797
10,530
11,267
Petitioner had fewer patients in 1972 and 1973 than he did in 1974 and 1975. His gross income was less for 1972 and 1973. The ordinary and necessary business expenses of the petitioner in 1972 and 1973 were approximately 50 percent of his gross income from his practice. In his notice of deficiency dated March 9, 1976, respondent determined on the basis of petitioner's financial statements and loan applications that his income from his chiropractic business was $24,000 for each of the years 1972 and 1973. His taxable income was increased by $12,000 for each year, after giving effect to the community one-half of such income attributable on a separate return basis to his wife, Judy Tyner, at that time. Respondent did not allow the petitioner any business expense deductions. However, he did allow a standard *65 deduction of $1,000 and one exemption of $750. Respondent also determined a self-employment tax of $675 for 1972 and $864 for 1973.
ULTIMATE FINDINGS OF FACT 1. Petitioner had gross income of $16,000 in 1972 and $18,000 in 1973. 2. Petitioner had ordinary and necessary business expenses in his practice as a chiropractor of $8,000 in 1972 and $9,000 in 1973. 3. After giving effect to the community one-half of petitioner's income and expenses, the petitioner had adjusted gross income of $4,000 in 1972 and $4,500 in 1973. 4. Petitioner is entitled to a standard deduction in each of the years 1972 and 1973, and one exemption for each year. 5. Petitioner is liable for self-employment tax of $675 in 1972 and $864 in 1973. 6. Petitioner did not file timely Federal income tax returns for the years 1972 and 1973. 7. Part of the underpayment of tax for 1972 and 1973 was due to petitioner's negligence and intentional disregard of rules and regulations. OPINION Issue 1. Taxable Income
This issue is factual, and our ultimate findings of facts are dispositive. It would be unconscionable not to allow the petitioner any expenses for conducting his chiropractic *66 business during the years in issue. Yet that is what respondent would have us do. Suffice it to say that we have exercised our best judgment and found on this record and under these circumstances what we regard as reasonable amounts of gross income, business expenses and adjusted gross income for the years 1972 and 1973. We are satisfied that the petitioner had less taxable income in 1972 and 1973, the formative years of his practice as a chiropractor, than he did in 1974 and 1975. Issue 2. Delinquency Penalties
The petitioner was required by section 6012(a)(1)(A) of the Code to file Federal income tax returns for 1972 and 1973. The law is well settled that a Form 1040 which discloses no information relating to a taxpayer's income and deductions does not constitute a "return" within the meaning of section 6012. Commissioner v. Lane-Wells Co.,321 U.S. 219 (1944); Cupp v. Commissioner,65 T.C. 68, 79-80 (1975); Hosking v. Commissioner,62 T.C. 635, 639 (1974); Houston v. Commissioner,38 T.C. 486, 491-492 (1962); United States v. Porth,426 F. 2d 519 (10th Cir. 1970), cert. denied 400 U.S. 824 (1970). *67 In Lamb v. Commissioner,T.C. Memo. 1973-71, and Wallace v. Commissioner,T.C. Memo. 1976-219, this Court held that the filing of incomplete "return" forms of the type filed in this case was a deliberate and willful act, however honest, which justified the imposition of an addition to tax under section 6651(a). On the authority of the Porth case, we conclude that the Forms 1040 filed by petitioner for the years 1972 and 1973 were not "returns," and the petitioner must be held not to have filed income tax returns for those years. To avoid the imposition of the additions to tax under section 6651(a), petitioner must establish both reasonable cause and lack of willful neglect. He has done neither. He knew of his obligation under the law to file income tax returns for the years in issue, and he apparently knew how to prepare and file them. Instead, he chose a course of action which constituted a failure to file "returns." In our judgment such failure was due to willful neglect. Petitioner urges that his action was based on his good faith belief that the proper filing of returns and the payment of income taxes would undermine the supremacy of *68 the Constitution of the United States, and particularly violate his privilege against self-incrimination under the Fifth Amendment. Although the petitioner, on each Form 1040, objected to reporting his income because of possible self-incrimination, he seems to have recanted with respect to such argument at the trial. In any event, it lacks merit because the Fifth Amendment does not excuse any individual from reporting his income and filing an income tax return. United States v. Sullivan,274 U.S. 259 (1927); United States v. Daly,481 F. 2d 28 (8th Cir. 1973), cert. denied 414 U.S. 1064 (1973); United States v. Porth,supra.
Accordingly, we hold that the petitioner is liable for the additions to tax under section 6651(a). Issue 3. Negligence Penalties
Section 6653(a) provides that if a part of any underpayment of tax is due to negligence or intentional disregard of rules and regulations, an addition to tax equal to 5 percent of the underpayment will be imposed. Respondent's determined underpayments of tax for the years before the Court result, of course, from the same failure to file returns and to pay *69 the tax. Petitioner's involvement in raising spurious constitutional objections furnishes no excuse for his failure to pay, which directly resulted in the underpayments here involved. Cf. United States v. Malinowski,472 F. 2d 850 (3rd Cir. 1973). In addition, the failure of petitioner to keep books and records shows negligence and an intentional disregard of rules and regulations. Sutor v. Commissioner,17 T.C. 64, 68-69 (1951). Therefore, we hold that the petitioner is liable for additions to tax under section 6653(a) for both years. Decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩