DOUGLAS B. AND CAROLYN V. HUFF, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Huff v. Commissioner
Docket No. 21600-92
United States Tax Court
T.C. Memo 1994-477; 1994 Tax Ct. Memo LEXIS 485; 68 T.C.M. (CCH) 816; September 29, 1994, Filed *485 Decision will be entered under Rule 155. For petitioners: Robert B. Rosenstein. For respondent: John Y. Chinnapongse and Bill McCarthy. SCOTT SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined a deficiency in petitioners' Federal income tax for the calendar year 1988 in the amount of $ 10,415, and additions to tax under sections 6653(a) and 6661 in the amounts of $ 521 and $ 2,604, respectively. [1]
The issues for decision are: (1) Whether petitioners are entitled to claim losses incurred by Bancor Financial Services, Inc. (Bancor), which depends on whether that corporation properly elected subchapter S status by filing a proper Form 2553, Election by a Small Business Corporation; (2) whether respondent properly determined an addition to tax under section 6653(a) against petitioners; and *486 (3) whether respondent properly determined an addition to tax against petitioners under section 6661 for a substantial understatement of tax. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioners, husband and wife, who resided in Arcadia, California, at the time of the filing of their petition in this case, filed a joint Federal income tax return for the taxable year 1988 on October 27, 1989. On August 14, 1987, petitioners formed Bancor, and Mr. Huff assumed the office of president. Petitioners each owned stock in Bancor and were its sole shareholders during the 1987 and 1988 taxable years. On September 25, 1987, Mr. Huff (petitioner) mailed a Form 2553, an election for subchapter S status, for Bancor at the Sierra Madre Annex post office. On the Form 2553, the boxes titled "Shareholders Consent Statement" [2] were left blank beside both petitioners' names, and there was no consent by them as shareholders to the subchapter S election attached to the Form 2553. Mr. Huff typed the form himself and signed the form as president, but there was no signature of Mrs. Huff anywhere on the form. Respondent's records contain no record of the *487 Form 2553 for Bancor being received or filed. Respondent had a thorough search made of the records at the Internal Revenue Service (IRS) office at Fresno, California, and a computer records search of all filings at all IRS Service Centers, but found no record of a Form 2553 having been filed for Bancor. Neither Bancor nor Mr. Huff ever received notification from respondent that the Form 2553 was received or accepted by respondent. On April 6, 1989, Mr. Huff filed Form 1120S, U.S. Income Tax Return for an S Corporation, for Bancor for the taxable year 1987. A representative of respondent prepared a letter addressed to "Bancor Financial Services Inc., Douglas B. Huff Officer", at "1630 Oakhaven Dr., Arcadia, CA 91006-1837", dated June 20, 1989, which stated that respondent *488 was unable to process the Form 1120S for the taxable year 1987, since respondent had no record of Bancor's filing Form 2553. Mail received by Bancor was directed to petitioner. Respondent has no record of receiving a reply to the June 20, 1989, letter. The Form 1120S filed by Bancor for the taxable year 1987 was not processed by respondent. Petitioners filed their individual 1987 Federal income tax return and claimed deductions for losses attributable to Bancor. Petitioners have no record of receiving notice from respondent that the losses of Bancor taken on their individual 1987 Federal income tax return were disallowed by respondent, or that any investigation of the 1987 return was conducted by respondent. On October 27, 1989, Mr. and Mrs. Huff filed their individual Federal income tax return for the calendar year 1988 with the Fresno, California, Service Center. On this return they claimed a deduction for losses attributable to Bancor of $ 48,717, listing Bancor as an S corporation on Schedule E of the return. Petitioner's 1988 return also showed Bancor's employer identification number. On June 24, 1992, respondent sent petitioners a notice of deficiency, disallowing the *489 losses of Bancor claimed by petitioners with the explanation that an election by Bancor to be an S corporation had not been made in a timely manner. An explanation of the computation of the additions to tax for negligence and substantial understatement of tax was also set forth in the notice of deficiency. OPINION Section 1362(a)(1) provides that a small business corporation may elect to be an S corporation. A valid election requires the consent of all shareholders. Sec. 1362(a)(2). Section 1377(c) provides that any election of a small business corporation to be an "S corporation" shall be made in accordance with regulations prescribed by the Secretary. Temporary regulations [3] promulgated by T.D. 7872, 1983-1 C.B. 193, 48 Fed. Reg. 3591 (Jan. 26, 1983), and amended by T.D. 7976, 1984-2 C.B. 315, and T.D. 7979, 1983-1 C.B. 182, set forth requirements for electing to be an S corporation. Section 18.1362-1(a), Temporary Income Tax Regs., 48 Fed. Reg. 3591 (Jan. 26, 1993), provides *490 that to make the election to be an S corporation a small business corporation should file Form 2553 containing all the information required by that form. We have long recognized that the regulatory requirements for electing to be a subchapter S corporation must be adhered to strictly. Pestcoe v. Commissioner, 40 T.C. 195 (1963). Since one of the regulatory requirements is that a proper Form 2553 be filed, it is incumbent on petitioner in this case to establish that a proper Form 2553 was timely filed. As stated in Phinney v. Bank of Southwest National Association, 335 F.2d 266, 268 (5th Cir. 1964) *491 (citing United States v. Lombardo, 241 U.S. 73 (1916)), "Filing, as the Supreme Court has said, is not complete until the document is delivered and received." Under the provisions of section 7502(a), under certain circumstances a document received by the Government office to which it is addressed after the date it is to be filed is considered filed on the date it is mailed. However, in order for a document to be filed it must be received. Walden v. Commissioner, 90 T.C. 947 (1988). Whether a document that is mailed is received is a question of fact. Mitchell Offset Plate Service, Inc. v. Commissioner, 53 T.C. 235 (1969). Therefore, our issue here as to the filing by petitioners of a Form 2553 is a factual one of whether the Form 2553 mailed by petitioner was ever received by respondent. Petitioners introduced evidence to support their contention that an election was prepared and mailed. Mr. Huff testified that he prepared the Form 2553 and mailed it on September 25, 1987. Petitioners also introduced a photocopy of a Form 2553 dated September 25, 1987. Petitioner testified that he *492 mailed the form, but there is no evidence that the form was properly addressed, stamped, or postmarked. There is no evidence of whether a return address was on the envelope, or even that the document was not returned to the sender. Also, respondent introduced a letter informing Bancor and Mr. Huff that Bancor had filed an invalid Form 1120S for 1987, since there was no record of Bancor ever filing a Form 2553. There is no direct testimony that petitioners did not receive this letter, although certain statements such as petitioner's not receiving notification from the IRS that "Bancor * * * was not going to be approved as a subchapter S corporation", and a statement that mail to Bancor was directed to petitioner, were apparently intended to create such an inference. Based on this record, we conclude that petitioners have not introduced sufficient evidence to create the presumption that a document properly addressed and properly mailed with adequate postage was received. Therefore, petitioners have failed in their proof, even without considering respondent's evidence showing that the Form 2553 for Bancor was not received. Compare Anderson v. United States, 966 F.2d 487 (9th Cir. 1992), *493 affg. 746 F. Supp. 15 (E.D. Wash. 1990), and Mitchell Offset Plate Service, Inc. v. Commissioner, supra, where there was clear proof of proper mailing of a document and little proof of failure to receive the document. No brief or reply brief was filed on behalf of petitioners, and we, therefore, do not know petitioners' explanation, if any, for these deficiencies in the record. Even if any presumption had arisen that respondent had received the Form 2553 mailed by petitioner, respondent provided evidence sufficient to show nonreceipt. Respondent offered evidence certifying that a thorough review of respondent's records at Fresno, California, and computer records at all Internal Revenue Service Centers showed no filing of a Form 2553 for Bancor. Bancor's 1987 Form 1120S was filed over a year after it was due, and a letter to Bancor was written stating that no Form 2553 had been filed by Bancor. Petitioner filed a Form 1120S for 1988 in 1993, several months after the filing of the petition in this case. Therefore, this filing in no way supports petitioners' claim that a Form 2553 for Bancor was received by respondent. *494 Without regard to whether the Form 2553 was filed, the copy of the Form 2553 introduced into evidence was invalid on its face since it contained no consent by all of Bancor's shareholders to the subchapter S election. The signature of Mrs. Huff does not appear anywhere on the document. The box titled "Shareholders Consent Statement" is left blank by the name of Mrs. Huff, as well as Mr. Huff, and there was not attached to the form any shareholder consent statement. If husband and wife are both shareholders, each must consent to the election for it to be valid. Forrester v. Commissioner, 49 T.C. 499, 507-508 (1968). Further, there is no evidence that petitioners took any follow-up action to determine if Bancor had made a valid subchapter S election. See Girling Health Sys., Inc. v. United States, 949 F.2d 1145 (Fed. Cir. 1991). In fact, the inference from Mr. Huff's testimony is that no follow-up action was taken. Thus, even if the form had been properly and timely filed, it would not have constituted a valid election for Bancor to be a subchapter S corporation. Because petitioners did not file a brief in this *495 case, it is not clear as to the position they take with respect to the additions to tax. However, in their trial memorandum they stated that both the additions to tax under section 6653(a)(1) and section 6661 are in issue. Negligence under section 6653(a) is defined as the lack of due care or the failure to do what a reasonable and prudent person would do under similar circumstances. Allen v. Commissioner, 925 F.2d 348, 353 (9th Cir. 1991). Petitioners have the burden of proving that their underpayment was not the result of negligence, and that therefore they should not be subject to the addition to tax under section 6653(a). Hansen v. Commissioner, 820 F.2d 1464, 1469 (9th Cir. 1987). The taxpayer's experience in business matters is a factor considered in determining negligence. Sutor v. Commissioner, 17 T.C. 64, 68-69 (1951). Petitioners have offered no evidence to show that they were not negligent in claiming the deductions for Bancor's losses. Petitioner had prepared an incomplete Form 2553 and had not received notice that Bancor was to be treated as an S corporation. The 1987 *496 return for Bancor was prepared and sent to the IRS over a year late. Mr. Huff is a businessman and president of his own corporation. He should have been more diligent and knowledgeable concerning the proper filing of a Form 2553. He certainly should have ascertained whether Bancor had correctly filed Form 2553 when no acknowledgement of the receipt of the form was received from the IRS. Petitioners have not shown that the underpayment of tax for 1988 was not due to negligence, and we therefore sustain respondent's determination of the addition to tax for negligence. Section 6661 as applicable to 1988 provided that if there was a substantial understatement of income tax for any taxable year, there should be added to the tax an amount equal to 25 percent of the amount of the underpayment attributable to such understatement. Sec. 6661(a). An understatement of income tax for any taxable year was defined as substantial if the amount of the understatement exceeded the greater of 10 percent of the tax required to be shown on the return for the taxable year or $ 5,000. Sec. 6661(b)(1)(A). The statute also provided that the amount of the understatement was to be reduced by that portion *497 of the understatement which was attributable to the tax treatment of any item by the taxpayer if there is or was substantial authority for such treatment. Sec. 6661(b)(2)(B)(i). For non-tax shelter items a reduction would be made for that portion of the understatement attributable to an item adequately disclosed on the return or on a statement attached to the return. Sec. 6661(b)(2)(B)(ii). The item involved in this case was not a "tax shelter" item as defined in section 6661(b)(2)(C)(ii). This Court has held that the taxpayer may satisfy the adequate disclosure requirement of section 6661(b)(2)(B)(ii) by providing on the return sufficient information to enable respondent to identify the potential controversy involved. Rebecca K. Crown Income Charitable Fund v. Commissioner, 98 T.C. 327, 340 (1992), affd. 8 F.3d 571 (7th Cir. 1993); Schirmer v. Commissioner, 89 T.C. 277, 285-286 (1987). On Schedule E of their 1988 Federal income tax return, petitioners disclosed their losses taken from Bancor, as well as marking the box labeling Bancor as an S corporation. Such information was sufficient *498 to put respondent on notice that the claimed losses were taken from Bancor, and that petitioners were claiming that Bancor was an S corporation. We conclude that petitioners disclosed sufficient information on their return to allow respondent to identify the issue involved. We therefore conclude that petitioners are not liable for the addition to tax under section 6661. Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩
2. The entire title for this box reads as follows: "Shareholders Consent Statement. We, the undersigned shareholders, consent to the corporation's election to be treated as an 'S corporation' under section 1362(a)↩ (Shareholders sign and date below)."
3. Until final regulations are issued, temporary regulations are entitled to weight comparable to that of final regulations. Nissho Iwai American Corp. v. Commissioner, 89 T.C. 765, 776 (1987). Final regulations under sec. 1362 were issued in 1992. See sec. 1.1362-1 through 1.1362-7, Income Tax Regs.↩ The final regulations apply to taxable years after Dec. 31, 1992.