T.C. Memo. 2000-204

UNITED STATES TAX COURT

JAMES E. AND SHIRLEY S. DEAS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11847-99.                    Filed June 30, 2000.

James E. Deas, pro se.

<u>Francis C. Mucciolo</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

PARR, <u>Judge</u>:  Respondent determined a $27,629 deficiency in,
and an $5,526 accuracy-related penalty on, petitioners' Federal
income tax for the 1992 taxable year.

After concessions,[1] the sole issue for decision is whether

---

[1]Petitioners concede that they failed to report $165,000 of
capital gain in either their return or in an amended return for
(continued...)

petitioners are liable for the section 6662 accuracy-related penalty for negligence or disregard of rules or regulations or substantial understatement of income tax. We find they are liable for the accuracy-related penalty for negligence.[2]

Section references are to the Internal Revenue Code in effect for the taxable year in issue, unless otherwise indicated. Rule references are to the Tax Court Rules of Practice and Procedure. All dollar amounts are rounded to the nearest whole dollar, unless otherwise indicated. References to petitioner are to James E. Deas.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulated facts and the accompanying exhibits are incorporated herein by this reference. At the time the petition in this case was filed, petitioners resided in Heathrow, Florida.

In 1985, petitioner and William W. Segrest (Segrest) formed a partnership named Dasco (Dasco or the partnership). Petitioner and Segrest were general partners, and each owned a 50-percent interest in the partnership. The partnership's main activity was

---

[1](...continued)
1992.

[2]Because we have found that petitioners are liable for the accuracy-related penalty for negligence, we do not consider whether petitioners are liable for the penalty for the substantial understatement of income tax. See sec. 1.6662-2(c), Income Tax Regs.

purchasing and rezoning unimproved land, which it then sold in subdivided tracts.

The partners agreed to share profits and losses equally, except for gain or loss from the sale of property contributed to the partnership by a partner. The partnership agreement provided that gain or loss from the sale of property contributed to the partnership by either of the partners was to be allocated to the contributing partner to take account of the variation between the basis of the property to the partnership and its fair market value at the time of contribution. Because of this provision, the partners often recognized disparate amounts of gain upon disposition of the contributed properties.

Because both of the partners had other business interests, they agreed that neither partner would work at the partnership activities on a full-time basis; rather, they agreed that the partnership would be an investment type of arrangement. Accordingly, the partners would spend a week to a month working on partnership business activities, and then be inactive for 2 or 3 months.

Due to unfavorable business conditions in the early 1990's, the partnership curtailed its business activities by purchasing fewer properties. In 1993, in an effort to further downsize its operation, the partnership discontinued the services of its full-time bookkeeper, and by agreement, Segrest assumed those

responsibilities. The partnership continued to employ the services of a public accounting firm.

In September 1986, Dasco purchased approximately 6 acres of undeveloped real property (the property) in Orange County, Florida, for $537,500. The property was purchased with proceeds from the sale of other property contributed to the partnership by Segrest. In October 1992, Dasco received $857,413 from the State of Florida as a result of a condemnation sale of the property to the State. Dasco elected to defer recognition of the gain from the condemnation sale according to the provisions of section 1033 and, therefore, did not report the gain on its U.S. Partnership Return of Income (Form 1065) for 1992.

The partnership used the proceeds from the condemnation sale to pay partnership debt. In 1995, Segrest, in his role as in-house bookkeeper, informed the partnership's public accountant that the partnership had never purchased replacement property and would therefore have to file an amended return for 1992. The amended return was prepared by the public accountant and was signed by Segrest. In a Schedule K-1, Partner's Share of Income, Credits, Deductions, Etc., which was attached to the 1992 amended return, the partnership reported that petitioner's share of the gain was $165,000.

Petitioner knew that the property was sold as a result of the condemnation, and that if the partnership did not purchase

replacement property, the deferred gain would have to be recognized and the partnership would have to file an amended return for 1992.

In the normal course of their business activities, petitioner and Segrest met for lunch, during which time they discussed business, golf, and their specific projects. During one of these meetings in late 1995 or early 1996, Segrest told petitioner that the partnership had prepared an amended return for the 1992 taxable year, in which it reported the gain from the sale of the property, and that Segrest owed tax on his portion of the gain.

Petitioners did not report petitioner's portion of the gain in either their return or in an amended return for 1992.

OPINION

Respondent determined that petitioners are liable for the accuracy-related penalty for negligence or intentional disregard of rules or regulations pursuant to section 6662. The burden is on the taxpayer to prove the Commissioner's imposition of the penalty is in error. See Rule 142(a); Luman v. Commissioner, 79 T.C. 846, 860-861 (1982); Bixby v. Commissioner, 58 T.C. 757, 791 (1972).

Section 6662 provides for the imposition of a penalty equal to 20 percent of the portion of the underpayment which is attributable to negligence or disregard of rules or regulations.

See sec. 6662(a) and (b)(1).  For purposes of section 6662, the term "negligence" includes any failure to make a reasonable attempt to comply with the provisions of the internal revenue laws, a failure to exercise ordinary and reasonable care in the preparation of a tax return, or a failure to keep adequate books and records or to substantiate items properly.  Sec. 1.6662-3(b)(1), Income Tax Regs.  The term "disregard" includes any careless, reckless, or intentional disregard of rules or regulations.  Sec. 6662(c).

Negligence is defined as a lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances.  See Neely v. Commissioner, 85 T.C. 934, 947 (1985) (quoting Marcello v. Commissioner, 380 F.2d 499, 506 (5th Cir. 1967), affg. in part and remanding in part 43 T.C. 168 (1964)).[3]  In determining whether petitioners were negligent in failing to report the gain from the sale of the property, we take into account petitioner's years of business experience.  See Sutor v. Commissioner, 17 T.C. 64, 69 (1951); Glenn v. Commissioner, T.C. Memo. 1995-399, affd. without published opinion 103 F.3d 129 (6th Cir. 1996).

_____

[3]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Court of Appeals for the Eleventh Circuit, the court to which an appeal in this case would lie, adopted as binding precedent all the decisions of the former Court of Appeals for the Fifth Circuit handed down prior to the close of business on Sept. 30, 1981.

The accuracy-related penalty does not apply with respect to any portion of an underpayment as to which the taxpayer acted with reasonable cause and in good faith. See sec. 6664(c)(1). The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all the pertinent facts and circumstances. See sec. 1.6664-4(b)(1), Income Tax Regs. The most important factor is the extent of the taxpayer's efforts to assess the taxpayer's proper tax liability. See id.

Petitioner testified that one of the reasons he did not report his portion of the gain from the condemnation sale was because the partnership purchased the property with the proceeds from the sale of other property contributed to the partnership by Segrest. Petitioner, therefore, assumed that Segrest was allocated all the gain. This excuse, however, does not withstand scrutiny.

The property was purchased by the partnership at a cost of $537,500, and sold for $857,413. Thus, the partnership realized $319,913 of postacquisition gain; one-half of which was allocable to petitioner according to the partnership agreement. Therefore, without consideration of the amount of any precontribution gain allocable to Segrest, petitioner was required to recognize at least $159,957 of postacquisition gain realized in the condemnation sale. Petitioner's disregard of the gain

attributable to the difference between the property's cost basis and the amount received on its disposition is evidence of negligence.  See Montoya v. Commissioner, T.C. Memo. 1999-269.

Petitioner testified that another reason he did not file an amended return for 1992 is that he never received a Schedule K-1 informing him of his portion of the gain.  Petitioner testified that he received Schedules K-1 for all the years that he was a partner in Dasco (including the 1995 year), except the Schedule K-1 for the amended return year.  Furthermore, petitioner testified that if he had received a Schedule K-1 informing him of his share of the gain, he would have reported the income on an amended return.

The nonreceipt of tax documents does not excuse taxpayers from their duty to report income.  See, e.g., Scott v. Commissioner, T.C. Memo. 1997-507 (nonreceipt of Schedule K-1 and Form 1099); Dennis v. Commissioner, T.C. Memo. 1997-275 (nonreceipt of Form 1099); Healy v. Commissioner, T.C. Memo. 1996-260 (nonreceipt of partnership return and Form 1099); Du Poux v. Commissioner, T.C. Memo. 1994-448 (nonreceipt of Forms W-2 and 1099-MISC.); Krzepina v. Commissioner, T.C. Memo. 1993-356 (nonreceipt of Schedule K-1).

Moreover, in this case, petitioner was negligent; he did not do what a reasonable and ordinarily prudent person would do under the circumstances.  Petitioner was a general partner in a two-

person partnership at the time the partnership purchased the property, at the time it was condemned and sold to the State of Florida, and at the time the statutory replacement period expired. Petitioner knew that if replacement property were not purchased, the deferred gain would have to be recognized and reported. Furthermore, petitioner knew the partnership had not purchased replacement property, that the time to do so had expired, and that the partnership had prepared an amended return for 1992 reporting the gain from the sale of the property. Finally, petitioner knew that Segrest had received a Schedule K-1 informing Segrest of his portion of the deferred gain from the sale of the property.

Although petitioner was aware of all the facts regarding the property, he never inquired whether he had any gain from its sale, nor did he inquire as to why he did not receive a Schedule K-1 for the amended return year. As a general partner, petitioner had access to the partnership's books and records, its amended return, and the public accounting firm that prepared the amended return, any of which would have informed petitioner of his portion of the gain from the sale of the property. Although the information necessary for petitioners to report their proper tax liability was available, petitioner made no effort to obtain such information.

It is evident from the record that petitioners did not make

a reasonable attempt to comply with the provisions of the internal revenue laws or to exercise ordinary and reasonable care in the preparation of their tax return.  Finally, upon consideration of all the facts and circumstances of this case, we do not find that there was reasonable cause for petitioners' reporting position.

To reflect the foregoing,

Decision will be entered for respondent.