[Civ. No. 8988. First Appellate District, Division One.—March 10, 1934.]

GRACE A. BEEMER, as Administratrix, etc., et al., Respondents, v. HENRY CLAY ROHER et al., Appellants.

Clock, McWhinney & Clock, M. D. Jergens, John G. Clock and Orrick, Palmer & Dahlquist for Appellants.

Fred Miller and Roscoe S. Wilkey for Respondents.

KNIGHT, J.—Plaintiffs, respectively, are the administratrix of the estate and the surviving wife of Bert Roher, deceased. They joined in bringing this action to recover certain funds in the possession of defendants, alleging that

the same were community assets and that upon the death of the decedent, who died intestate, his surviving wife Sarah Roher became the absolute owner of the whole thereof subject to the right of possession thereof by said administratrix for administration purposes. The cause was submitted to the trial court for decision on an agreed statement of facts and decided in favor of plaintiffs. Besides decreeing that the said Sarah Roher was the absolute owner of the whole of said funds subject to the right to possession thereof by the administratrix for administration purposes, the judgment directed the defendants to pay the same "forthwith" to said administratrix for such purpose. The appeal defendants have taken from said judgment presents three main questions for determination: namely, whether the stipulated facts are legally sufficient to sustain the trial court's conclusion that the funds in dispute are community property; if so, whether the surviving wife is entitled to the whole thereof; and whether in any event she is barred from recovering any portion thereof by reason of laches.

According to the stipulated facts, four separate sums of money are involved, three of which, consisting of $2,500, $2,500 and $1400 each, at the time of decedent's death were on deposit with the defendant corporations in joint tenancy accounts theretofore opened by the decedent in the names of himself and his brother, Henry C. Roher, one of the defendants herein. The fourth sum, amounting to $2,000, was paid to the said Henry C. Roher as the proceeds of a life insurance policy issued to decedent about eighteen months prior to his death, wherein the said Henry C. Roher was named as beneficiary. It is conceded by said stipulated facts that at the time of decedent's death the plaintiff Sarah Roher was and for approximately thirty-seven years had been his wife; that the sums of money on joint deposit with said corporations were the accumulations from the decedent's wages earned by him during marriage; that the premium on the life insurance policy was paid with his earnings, and that ever since the year 1920 Henry C. Roher knew that the decedent and Sarah Roher were husband and wife. In this regard the agreed statement of facts shows that the parties were married in Illinois in 1894 and later on moved to Kansas, where they lived together as husband and wife until December 31, 1920, on which date

the decedent abandoned his wife and their two minor children, and after living separate and apart from them in Kansas for about eight months, moved to Nebraska, then to Colorado, and eventually to California; that he arrived in this state in January, 1922, and except for a brief visit which he made to the middle west in July, 1931, he continued to remain here until his death, which occurred on October 24, 1931, working most of the time in various capacities, for a potash and chemical company at Trona, California; "that at the time the deceased came to California he had no property, either real or personal, and that since coming to this state, and up to the time of his death, he had saved out of his wages while employed at Trona, California", the sums of money on deposit with said corporations at the time of his death. The agreed statement of facts further shows that after the decedent abandoned his wife she continued to live in Kansas with the minor children, and that she did not know of her husband's whereabouts until the year 1925, at which time she learned he was somewhere in California; and that in 1930 she learned of his employment in Trona; furthermore, that at no time prior to his death did she know what his earnings were, nor what disposition, if any, he was making thereof. It was also conceded by the stipulated facts that there was no consideration for the creation of the joint tenancy accounts, nor for the naming of Henry C. Roher as beneficiary in the life insurance policy, other than such as may be implied by law therefrom; that decedent and his wife "were estranged and were on unfriendly terms", and that the decedent created said joint tenancy accounts and named his brother as beneficiary in said insurance policy "with the intent and purpose that plaintiff Sarah Roher be prevented from having or obtaining any interest" therein.

The foregoing stipulated facts fully support the trial court's findings that the funds involved, including the proceeds from the life insurance policy, are community assets; and that the right of Sarah Roher, as surviving wife, to recover her legal share thereof is not barred by laches.

But the trial court's legal conclusion that the surviving wife is entitled to the whole thereof cannot be sustained. Under the rule of the following cases she may recover only one-half thereof. (*Trimble* v. *Trimble*, 219 Cal. 340 [26

Pac. (2d) 477, 479]; *Dargie* v. *Patterson*, 176 Cal. 714 [169 Pac. 360]; *Spreckels* v. *Spreckels*, 172 Cal. 775 [158 Pac. 537]; *Lahaney* v. *Lahaney*, 208 Cal. 323 [281 Pac. 67]; *Pretzer* v. *Pretzer*, 215 Cal. 659 [12 Pac. (2d) 429]; *Rice* v. *McCarthy*, 73 Cal. App. 655 [239 Pac. 56]; *Schelling* v. *Thomas*, 96 Cal. App. 682 [274 Pac. 755].) ■ As held in substance in those cases, gifts of the community property made by a husband without the wife's consent ''are not void but are voidable as to the wife's half . . . and valid as to the husband's half'' (*Trimble* v. *Trimble, supra*); consequently the wife's right to assail such gifts after the husband's death is limited to one-half of such property: (*Spreckels* v. *Spreckels, supra.*) ■ And likewise, as held in *Travelers Ins. Co.* v. *Fancher*, 219 Cal. 351 [26 Pac. (2d) 482], where premiums on the life insurance policy of the husband are paid out of community funds, the proceeds become community assets, but the surviving wife, upon the death of the husband, is entitled to receive only one-half thereof, and the beneficiary or beneficiaries named in the policy are entitled to the remaining one-half as a gift by the husband of his share of such community assets.

■ Nor are we able to sustain those provisions of the trial court's judgment directing the defendant corporations to pay ''forthwith'' to the administratrix the surviving wife's portion of the funds on deposit therewith at the time of her husband's death. As declared in *Siberell* v. *Siberell*, 214 Cal. 767 [7 Pac. (2d) 1003], by virtue of section 172 of the Civil Code, the husband is given the management and control of the community property, and the addition of section 161a to said code in 1927 did not interfere with the husband's right in this respect. Therefore, in the present case, since the husband had the right to deposit the community funds with said corporations, $1400 of which was evidenced by the issuance of a so-called ''Accumulative Investment Certificate'', the right of the administratrix of his estate and of his surviving wife to recover possession of any portion thereof from said corporation is subject to whatever statutory provisions and written agreements as would govern the husband in withdrawing said deposits; and that being so, plaintiffs are not entitled to the payment thereof ''forthwith'' as directed by the trial court's judgment.

For the reasons stated the judgment is reversed, with directions to the trial court to revise and re-enter the same in conformity with the views herein expressed.

Tyler, P. J., and Cashin, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 7, 1934.