[Civ. No. 14081. Second Dist., Div. Three. Feb. 29, 1944.]

ELLA CHURCHILL BABCOCK, Appellant, v. F. W. BABCOCK, Respondent.

Saul S. Klein for Appellant.

P. V. Davis and Ben C. Cohen for Respondent.

BISHOP, J. pro tem.—Three successive actions brought by the same plaintiff against the same defendant furnish the threads in which the problems of this appeal are enmeshed. The first of these was an action for divorce brought on the ground of cruelty in Santa Barbara County in 1926 and in which, before the year was over, an interlocutory decree was entered granting the plaintiff a divorce. Four years later the second action, also for a divorce, charging the defendant with cruelty, was commenced, this time in Los Angeles County. Plaintiff was unsuccessful in this second suit, a judgment denying her a second divorce being entered in 1932. In 1935 a final decree of divorce was en-

tered in the Santa Barbara action, upon defendant's motion, and it was to have this final decree set aside, as well as to secure a fresh decree, based on defendant's claimed desertion, that the present suit was instituted in 1941. The defendant presented two affirmative pleas of res judicata, to this third action, and the trial was limited to a consideration of these pleas. They were found to state the truth and the trial court determined that they constituted a complete defense to plaintiff's entire action. This determination, we have concluded, was too broad, so that the resulting judgment of dismissal, from which the plaintiff has appealed, should be reversed.

The second cause of action in the instant case alleged that shortly after the entry of the interlocutory decree, in the Santa Barbara action, the parties to it became reconciled and resumed marital relations, yet the defendant in 1935 filed an affidavit that there had been no reconciliation, and so procured the entry of a final decree. These facts make out a case for the setting aside of the judgment. (*McGuinness* v. *Superior Court* (1925), 196 Cal. 222, 229 [237 P. 42, 40 A.L.R. 1110]; *Gump* v. *Gump* (1940), 42 Cal.App.2d 64 [108 P.2d 21], and cases cited.)

It is quite obvious that the first affirmative defense does not state a defense to this second cause of action, for in that defense the defendant does no more than set up the bringing of the Santa Barbara action, the entries of the interlocutory and of the final decrees, and that, as to each decree, it "has not been appealed from, annulled, vacated or modified in any manner whatsoever and ever since [its entry] said decree has been and now is in full force and effect."

The second affirmative defense is not so easily disposed of. In it the defendant calls attention to the bringing of the second action and alleges that in that action he had, by way of an affirmative defense, pleaded that an interlocutory decree had been entered in the Santa Barbara action and that it remained in full force and effect. He further alleged that the trial court found this plea to be true and denied the plaintiff a divorce. Later we shall note the exact wording of the plea and of the finding. Enough has been said to indicate that our task is to determine whether or not the plaintiff is precluded by the adjudication in the second divorce action

from proving the reconciliation and resumption of marital relations.

To begin with it is clear that as the second count of the present suit, by which the plaintiff seeks to set aside the final decree, is a different cause of action from that presented by the second divorce suit, if the adjudication in the second suit operates to prevent the plaintiff from proving her case in the present action, it is by way of an estoppel and not by way of a bar. (*Bank of America, etc. Assn.* v. *McLaughlin* (1937), 22 Cal.App.2d 411, 416 [71 P.2d 291, 72 P.2d 554]; *Panos* v. *Great Western Packing Co.* (1943), 21 Cal.2d 636, 638 [134 P.2d 242].) This distinction is not of academic interest only. It has this practical consequence, recognized in the Bank of America case, just cited, and stated in the comment following section 68 of the Restatement of the Law of Judgments in these words: "It is important to distinguish the effect of a judgment as a merger of the original cause of action in the judgment or as a bar to a subsequent action upon the original cause of action from its effect by way of collateral estoppel in a subsequent action between the parties based upon a different cause of action. If a judgment is rendered in favor of the plaintiff, the cause of action upon which the judgment is based is merged in the judgment, and the plaintiff cannot thereafter maintain an action on the original cause of action (see sec. 47). If the judgment is rendered in favor of the defendant on the merits, the original cause of action is barred by the judgment (see sec. 48). In either case the original cause of action is extinguished by the judgment no matter what issues were raised and litigated in the action, or even if no issues were raised or litigated and judgment was rendered by default.

"On the other hand, where the subsequent action is based upon a different cause of action from that upon which the prior action was based, the effect of the judgment is more limited. The judgment is conclusive between the parties in such a case as to questions actually litigated and determined by the judgment. It is not conclusive as to questions which might have been but were not litigated in the original action. This is the doctrine of collateral estoppel."

Our problem narrows; we now see that it is to determine whether the question of the reconciliation of the parties had

been actually tried and determined in the second divorce action. The burden of proving that it was tried and determined was, of course, upon the defendant. (Code Civ. Proc., sec. 1981; *Rideaux* v. *Torgrimson* (1939), 12 Cal.2d 633, 638 [86 P.2d 826].) In an endeavor to discharge his burden the defendant introduced the file of that action. That file fails to show that the question of reconciliation was either tried or determined.

Plaintiff's complaint, there, alleged many acts of cruelty as the basis for her prayer for a divorce. The answer denied these allegations and they were, incidentally, found to be untrue. The answer, as will be remembered, also set forth, as an affirmative defense, that an interlocutory decree for divorce had been entered in the Santa Barbara action and then continued in these words: "That said interlocutory decree has not been annulled, vacated or set aside and is now in full force and effect." Judge Sheldon, the trial judge, found it to be true "that said interlocutory decree has not been annulled, vacated or set aside and is now in full force and effect." If the fact which plaintiff must prove in support of her second count has already been adjudicated adversely to her, the adjudication is encompassed in the finding just quoted.

We have come to the conclusion that the finding is not an adjudication precluding the plaintiff from proving her case. We are of the opinion that the conduct of the parties subsequent to the entry of an interlocutory decree, while it may affect their right to a final decree, does not effect a change in the interlocutory decree; it remains "in full force and effect." By section 131 of the Civil Code it is provided that "If [the court] determines that the divorce ought to be granted, an interlocutory judgment must be entered, declaring that the party in whose favor the court decides *is entitled* to a divorce." (Emphasis is ours.) By virtue of section 132 of the same code, and not because of any provision to be inserted in the interlocutory decree, a final judgment is not to be entered until one year has expired after the entry of the interlocutory decree. In other words, the interlocutory decree determines, as of its date, that the parties are entitled to a divorce; they cannot obtain the divorce for a year, and intervening events, not affecting the standing of the interlocutory decree, may deny it to them when the year is up.

There are several cases which illustrate this principle. It is given expression in these words in *Borg* v. *Borg* (1938), 25 Cal.App.2d 25, 29 [76 P.2d 218] (the emphasis being that of the court) declaring that an interlocutory decree "is a final judicial determination that, as of the date of its entry, the parties were *entitled* to a dissolution of the status of married persons. . . . In so far as the interlocutory judgment decrees a dissolution of the marital status its operation is suspended for a full year thereafter. The right of the prevailing party to have a final decree entered at that time is then dependent upon conditions arising *after* the entry of the interlocutory decree. . . . " In *Gloyd* v. *Superior Court* (1919), 44 Cal.App. 39, 42 [185 P. 995], it was decided that the death of the plaintiff terminated the right of the defendant to have a final decree entered, not on the ground that the death affected the interlocutory decree itself, but because it dissolved the marriage. In *Dell* v. *Superior Court* (1921), 53 Cal.App. 436, 438 [200 P. 85], we find that a wife, in whose favor an interlocutory decree of divorce had been entered. was attempting to have it set aside on the ground that she and her husband, subsequent to the decree, had become reconciled and lived together again as man and wife. In holding that the lower court was without jurisdiction to entertain the wife's motion the appellate court expressed the view that the "integrity" of the interlocutory decree "is unaffected by subsequent relations of the parties." In *Carp* v. *Superior Court* (1926), 76 Cal.App. 481, 485. [245 P. 459], the plaintiff sought by a writ of mandate to compel the entry of a final decree. The defendant, it appears, had brought an action to set aside the interlocutory decree on the grounds of extrinsic fraud. Judgment had gone against her and she had appealed. Not on the theory that her so far unsuccessful but pending effort to set aside the interlocutory decree had affected it in any way, but on the ground that the court had the discretion and it was proper that it should withhold a final decree until the result of the wife's effort was finally known, the writ of mandate was denied. A petition for a similar writ was also denied in *Weeks* v. *Superior Court* (1921), 187 Cal. 620, 622 [203 P. 93], because the petitioner was in contempt, the Supreme Court saying: "It is within contemplation of the section [Civil Code, sec. 132] that facts arising subsequently to the granting of the interlocutory

judgment should have their influence in determining the right to a final decree."

We conclude, therefore, in the light of the principle just noted, that whether it is to be treated as a finding of fact or a conclusion of law, the finding made by Judge Sheldon that the Santa Barbara interlocutory decree was still in full force and effect does not of itself warrant the conclusion that Judge Sheldon had been confronted with the contention that the parties had become reconciled and resumed their marital relations, and had resolved the issue against the plaintiff.

It is possible that the question of the reconciliation of the parties was a subject of attention at the trial of the second divorce action, for the plaintiff may have attempted to counter the effect of the existing interlocutory decree by proving that a reconciliation had been effected. If the matter was tried it avails the defendant nothing in this case, however, for he introduced no evidence at the trial of the present case other than the file, to which we have already referred, which would serve to disclose the issues actually tried in the second divorce case; and, as we have seen, the file fails to reveal that the issue which the plaintiff now seeks to have determined had previously engaged the attention of the court.

We now turn to plaintiff's first cause of action with the knowledge that the final decree in the Santa Barbara case may be set aside. Even so, we find the first cause of action barred. It pleads a cause of action for a divorce on the ground of desertion. This is the pertinent paragraph: "V. That during the middle of July, 1928, defendant wilfully deserted plaintiff, and during the time subsequent thereto has refused to return and live with plaintiff." In the second suit for divorce the complaint alleged, "For statistical purposes": "2. Date of separation—Approximately the middle of July, 1928." This allegation was denied, but found to be true. Now it is true that the ground upon which the divorce was sought, in the second case, was cruelty. But the ground upon which a divorce is now sought was in existence at the time the second action was brought, in 1930, and a divorce denied; the plaintiff may not now secure a divorce on a ground then existing. The former judgment is a bar, not a collateral estoppel. (*Helpling* v. *Helpling* (1920), 50 Cal.App. 676, 681 [195 P. 715]; *Cardinale* v. *Cardinale*

(1937), 8 Cal.2d 762, 767 [68 P.2d 351]; see, also, *Little* v. *Smith* (1920), 47 Cal.App. 8, 12 [189 P. 1059] and *Panos* v. *Great Western Packing Co., supra,* 21 Cal.2d 636, 638 [134 P.2d 242].)

■ With respect to this cause of action, the one for a divorce, the plaintiff makes some argument that the judgment of dismissal deprived her of her day in court respecting any community property that the parties may have. The matter of community property was expressly involved in the second divorce action, and it was found that there was none of more than nominal value. Since an interlocutory decree does not put an end to the marriage relation (*Nelson* v. *Nelson* (1936), 7 Cal.2d 449, 453 [60 P.2d 982]) community property may be acquired up to the entry of a final decree (*Brown* v. *Brown* (1915), 170 Cal. 1, 7 [147 P. 1168]). The plaintiff, therefore, may have rights which have arisen since the second divorce action, rights which have not been adjudicated. She is in no position, however, to complain that she is being deprived of an opportunity to enforce those rights by having her present divorce cause barred. The litigation of community property rights is not essential to a divorce action, and if they are not covered by it an adjudication may be had in an independent action. (*Callnon* v. *Callnon* (1935), 7 Cal.App.2d 676, 680 [46 P.2d 988], and cases cited.) Respecting community property the plaintiff in her present suit alleged: "IV. That plaintiff is uninformed as to the existence of any community property and asks that the same be ascertained and divided equally between the parties hereto." The cause of action remains essentially one for divorce, in which the question of property interests is quite incidental. It is proper to hold the action to be barred although as an incident to the decision the action is made unavailable as a vehicle for presenting the incidental question.

The judgment is reversed. The appeal from the order denying a new trial, that not being an appealable order, is dismissed.

Desmond, P. J., and Shinn, J., concurred.

A petition for a rehearing was denied March 21, 1944, and respondent's petition for a hearing by the Supreme Court was denied April 27, 1944.