Marjorie Hunt, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 34187. Filed April 30, 1954.

*Marvin G. Giometti, Esq.*, for the petitioner.
*Edward H. Boyle, Esq.*, for the respondent.

OPINION.

Rice, *Judge:* This proceeding involves an income tax deficiency of $313 determined against Marjorie Hunt (hereinafter referred to as the petitioner) for the year 1948. The issues to be determined are: (1) Whether petitioner must include in her gross income one-half of her husband's California earnings when she resides in another State and receives support and maintenance payments from him; (2) if so, whether she must also include such periodic support and

maintenance payments; and (3) if such periodic payments must be included in her gross income, whether $400 thereof was for the support of her child and therefore not taxable to her.

A constitutional issue raised in the petition, with reference to the taxability to her of one-half of her husband's earnings, was not argued by petitioner on brief and is deemed to be abandoned.

All of the facts were stipulated, are so found, and are incorporated herein.

Petitioner filed an amended individual Federal income tax return for 1948 on the cash receipts and disbursements basis with the collector of internal revenue for the district of Iowa.

Petitioner and John C. Hunt were husband and wife and resided together in California for some years prior to June 1947, after which time they became estranged. On September 19, 1947, the Superior Court of the State of California in and for the City and County of San Francisco entered an order that petitioner's husband was to pay her the sum of $100 per month for the support of their only child. On September 8, 1948, the Superior Court of the State of California in and for the City and County of San Francisco entered its decree, as follows:

> That plaintiff is entitled to a judgment and decree of separate maintenance; that the defendant is not entitled to a judgment and that defendant take nothing by his cross-complaint; that plaintiff is entitled to the care, custody and control of the minor child, John Michael Hunt; that the plaintiff is entitled to receive and defendant shall pay to plaintiff the sum of One Hundred Eighty-five Dollars ($185.00) per month for her support and maintenance and the support and maintenance of said minor child; that the household furniture, furnishings and other household effects located at 275 Grattan Street, San Francisco, California, be set aside for the use of the plaintiff; that defendant pay to the plaintiff the sum of Four Hundred Dollars ($400.00) as attorneys' fees in this action, the sum of One Hundred Fifty Dollars ($150.00) having been heretofore paid on account thereof by a prior order of the above entitled Court.

In October 1948, petitioner moved to Davenport, Iowa, and maintained her residence there together with her child until May 1952, when she returned to California.

During the year 1948, petitioner's husband paid her $100 each month from January to August, inclusive, and $185 each month from September to December, inclusive.

Petitioner's husband filed with the collector of internal revenue for the first district of California an amended individual Federal income tax return for the year 1948 on the cash receipts and disbursements basis, showing his occupation as "Chiropractor" and reporting net profits from such business in the amount of $5,482.98. He divided such sum in half, as being community property, and reported his adjusted gross income as $2,741.49. He deducted from such sum the amount of $740 as "Separate Maintenance Payments to Mrs. Marjorie Hunt."

On her return for 1948, petitioner reported total wages of $187.48 and "Separate Maintenance Recd. in 1948" of $740.

Respondent determined the deficiency herein by adding to petitioner's reported income the sum of $2,741.49 which was one-half of her husband's net earnings for the year 1948.

Petitioner argues that she is not taxable on one-half of her husband's income for that year since she established an independent and separate domicile in Iowa, a non-community property State, in October 1948. She argues, in the alternative, that if we decide adversely on her primary contention, she should not be taxable on the $740 support and maintenance allowance which she received.

A husband's earnings from his personal efforts during the marriage are community property under the law of California.[1] *Harrold* v. *Harrold*, 261 P. 2d 800 (1953). The wife's interest in community property in that State is a present, existing, and equal interest with that of her husband, during the continuance of the marriage.[2] For purposes of Federal income taxation, each spouse is equally liable for payment of the tax on his or her respective equal share of the community income. *United States* v. *Malcolm*, 282 U. S. 792 (1931) ; *Poe* v. *Seaborn*, 282 U. S. 101 (1930). This liability is fixed and definite. It is not a means of splitting income which may be voluntarily chosen or elected to minimize taxes. The wife may not, at her option, return one-half of the community income; she must do so. See *Paul Cavanagh*, 42 B. T. A. 1037 (1940), affirmed on another issue 125 F. 2d 366 (C. A. 9, 1942). Her liability for tax ceases only when her interest in the community income ceases. The time when that interest comes to an end is determined by California law. *Poe* v. *Seaborn, supra*.

Only death or a final decree of divorce terminates a marriage in California,[3] and community property can be acquired up to entry of a final divorce decree. *Babcock* v. *Babcock*, 63 Cal. App. 2d 94, 146 P. 2d 279 (1944) ; *Brown* v. *Brown*, 170 Cal. 1, 147 P. 1168 (1915). An interlocutory decree may provide for a division of

[1] Cal. Civ. Code, 1949, sec. 164. [Property acquired after marriage : Presumptions : Limitation of certain actions.] All other property acquired after marriage by either husband or wife, or both, including real property situated in this State and personal property wherever situated, heretofore or hereafter acquired while domiciled elsewhere, which would not have been the separate property of either if acquired while domiciled in this State, is community property; * * *

[2] *Ibid.*, sec. 161a. [Interests in community property.] The respective interests of the husband and wife in community property during continuance of the marriage relation are present, existing and equal interests under the management and control of the husband as is provided in sections 172 and 172a of the Civil Code. This section shall be construed as defining the respective interests and rights of husband and wife in the community property.

[3] *Ibid.*, sec. 90. [Marriage, how dissolved.] Marriage is dissolved only :
One—By the death of one of the parties ; or,
Two—By the judgment of a court of competent jurisdiction decreeing a divorce of the parties.

community property and adjudicate community property rights. When it does not do so, the spouses' equal interests in such property continue. *In re Williams' Estate*, 36 Cal. 2d 289, 223 P. 2d 248 (1950); *Ethel B. Dunn*, 3 T. C. 319 (1944).

It is equally clear that a wife's interest in community property is not destroyed by a decree for separate maintenance, where no division or settlement of the property is included in such decree. *Blache* v. *Blache*, 69 Cal. App. 2d 616, 160 P. 2d 136 (1945).

In the case before us, the court decree of September 19, 1947, awarded petitioner $100 per month for the support of her child. The decree entered September 8, 1948, awarded her separate maintenance and support in the amount of $185 per month for herself and her child, and use of the household furnishings and effects. No specific disposition of community income or property was made by either decree. The decrees, therefore, did not alter her full and complete interest in all community income. The earnings of her husband during 1948 were community property in which petitioner had a present, existing, and equal interest, and on which she must share her equal tax burden.

Petitioner argues that she established her lawful domicile in Iowa in 1948; that her husband cannot impose his domicile on her; that "the very right of Husband and Wife to be treated as separate taxpayers as to their respective portions of community income is dependent upon *their domicile* in a community property state"; and that hence "where each party has lawfully established different domiciles, and one such domicile is not in a community property state, neither party has a right to split income, for the community contemplated by law has ceased to exist."

Petitioner cites us no authority, either statutory or judicial, in support of her argument, for the obvious reason, that pursued to its logical conclusion, it would bring results clearly contrary to established law.

In effect, petitioner argues that if a decree for separate maintenance, which makes no disposition of community property, is awarded to a California wife, and she thereafter moves to another State, all of her rights in community property acquired thereafter by her husband are ipso facto terminated and lost. Or, in other words, that a wife, separated from her husband must remain in California to preserve her community rights in property acquired by her husband after their separation.

California law imposes no such penalty on a wife separated from her husband.

The significant and controlling factor is that there existed between petitioner and her husband a valid marriage which could be terminated only by divorce or death; and that until one of those events took place, community property could be acquired.

So long as her husband was domiciled in California and earned income there, that income was community property. In *Commissioner* v. *Cavanagh*, 125 F. 2d 366 (C. A. 9, 1942), affirming *Paul Cavanagh*, 42 B. T. A. 1037 (1940), the Commissioner made the same argument which petitioner makes here:

That the marital domicile of the parties must be California before the community property statutes of that state apply to their property; that a wife without fault can acquire a domicile separate from that of her husband, and that the wife herein did so acquire a separate domicile, and therefore the community property statutes do not apply. * * *

In answer to that argument, the court said at pages 368 and 369:

The husband's earnings after marriage while domiciled in California are community property, [Citation], and residence of the wife is not required, [Citations], the wife's interest in her husband's income being determined by the law of domicile where earned and not by the law of matrimonial domicile. * * *

* * * * * * *

It is true that a wife without fault may acquire a domicile separate from that of her husband for certain purposes, and that her earnings while living separate and apart from her husband are her separate property, [Citation], but this does not affect the status of the earnings of the husband. They are and in such circumstances remain community property of the spouses.

Petitioner's domicile is wholly irrelevant to the question before us. Assuming that she did establish a lawful domicile in Iowa, that fact coupled with the separation decree, which did not make any specific disposition of community property, cannot act to give such separate domicile and the decree a greater or more far-reaching effect than either alone would have. See *Commissioner* v. *Cavanagh, supra.*

A separate maintenance decree does not destroy the wife's interest in community property, *Blache* v. *Blache, supra*; neither does an interlocutory decree of divorce, *In re Williams' Estate, supra;* neither does a voluntary agreement providing for separate maintenance, *Herbert Marshall,* 41 B. T. A. 1064 (1940) ; and neither does the wife's absence from California destroy her community interest in her husband's earnings and property acquired by him while domiciled in that State. *Beemer* v. *Roher,* 137 Cal. App. 293, 30 P. 2d 547 (1934) ; *Britton* v. *Bryson,* 216 Cal. 362, 14 P. 2d 502 (1932).

The law of California was changed in 1951 with respect to earnings after a decree for separate maintenance.[4]

On her return for 1948, petitioner reported as income the $740 of support and maintenance payments which she received from her husband on the theory that section 22 (k) of the Internal Revenue Code

---

[4] Cal. Civ. Code, 1949, sec. 169.1. [Earnings and accumulations separate property after judgment or decree for separate maintenance.] After the rendition of a judgment or decree for separate maintenance the earnings or accumulations of each party are the separate property of the party acquiring such earnings or accumulations.

This section was added by chapter 1700, section 12 of the 1951 Statutes.

required her to do so. Her husband likewise deducted that amount, believing that he was entitled so to do under section 23 (u) of the Code.

These companion sections of the Code were added by the Revenue Act of 1942. The report of the Committee on Ways and Means, page 46, states:[5]

### 5. Alimony and Separate Maintenance Payments

The existing law does not tax alimony payments to the wife who receives them, nor does it allow the husband to take any deduction on account of alimony payments made by him. He is fully taxable on his entire net income even though a large portion of his income goes to his wife as alimony or as separate maintenance payments. The increased surtax rates would intensify this hardship and in many cases the husband would not have sufficient income left after paying alimony to meet his income tax obligations.

The bill would correct this situation by taxing alimony and separate maintenance payments to the wife receiving them, and by relieving the husband from tax upon that portion of such payments which constitutes income to him under the present law.

It is clearly apparent that relief was intended for the husband who made alimony or separate maintenance payments from *his* income. The income from which petitioner's husband made payments of $185 per month to her was not wholly owned by him, even though he earned it. It was community income in which each spouse had an equal, vested interest, but which was, pursuant to California law, under the husband's exclusive control and management.[6] *Harrold* v. *Harrold, supra.* The effect of the court decree was to remove a part of that income from his control and to allocate it to petitioner for her use in maintaining herself and her child until such time as the parties became reconciled, or divorced or separated under a decree settling their rights in the community property. She is liable for Federal income tax on her equal share of the community income, but she cannot be taxed again when a part of that income is placed under her exclusive control pursuant to a decree for support and maintenance. Double taxation is to be avoided unless required by express words of the taxing act. See *U. S.* v. *Supplee-Biddle Co.*, 265 U. S. 189 (1924). In view of our conclusion on the second issue, it is unnecessary to decide the third issue that $400 of the $740 was for the support of the child and, therefore, not taxable to petitioner.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

Opper and Withey, *JJ.*, dissent.

---

[5] H. Rept. No. 2333, 77th Cong., 2d Sess. (1942).

[6] Cal. Civ. Code, 1949, sec. 172. [Management of community personal property: Limitations: Consent of wife.] The husband has the management and control of the community personal property, with like absolute power of disposition, other than testamentary, as he has of his separate estate; * * *