RONDA M. FURGATCH, PETITIONER v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 11466–77.     Filed September 9, 1980.

*Ralph Gano Miller* and *Steven K. Ewald,* for the petitioner.
*Martha J. Combellick,* for the respondent.

OPINION

WILBUR, *Judge:* Respondent determined a deficiency in petitioner's income tax for the taxable year 1973 in the amount of $11,959. The issues to be determined are: (1) The amount of

alimony income petitioner must include in her gross income under section 71(a)(3)[1] because of monthly support payments received from her husband out of community property funds;[2] (2) whether petitioner is entitled to a second dependency exemption for the support of her minor child.[3]

This case was submitted fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulation of facts and the attached exhibits are incorporated herein by this reference. A summary of the pertinent facts is set forth below.

At the time the petition was filed in this case, petitioner Ronda Furgatch resided in Marina Del Rey, Calif.

The petitioner and Harvey S. Furgatch were married on June 20, 1954. They had three children—Amy, born in 1957; Adam, born in 1958; and Caleb, born in 1960. Petitioner had custody of Amy and Adam during 1973.

Sometime prior to 1973, petitioner and her husband encountered marital difficulties and separated. Under a stipulated order for support rendered by the Superior Court of the State of California dated November 23, 1971, Harvey Furgatch (respondent) and Ronda Furgatch (petitioner) were given the following obligations:

Respondent shall pay to petitioner, as and for spousal support and as alimony, the sum of $625.00 per month commencing November 1, 1971, and continuing monthly thereafter until further order of the Court, plus such other sums as are reasonably necessary to maintain petitioner's current standard of living.

The responsibility for the support and maintenance of the minor children of the parties shall be with petitioner. The Court reserves jurisdiction to make such other and further orders concerning the support and maintenance of the minor children of the parties as shall, from time to time, appear to be necessary and proper.

Throughout the period from January 1 to October 30, 1973, petitioner and Harvey Furgatch maintained a joint checking account (community account), under the control of Mr. Fur-

---

[1] All section references are to the Internal Revenue Code of 1954, as in effect for the tax year in issue, unless otherwise indicated.

[2] In the statutory notice of deficiency, respondent increased petitioner's alimony income by $24,496. He now contends that petitioner only received an additional $11,464 of alimony income.

[3] Respondent concedes that if we find for him on the first issue, petitioner is entitled to a second dependency exemption.

gatch, into which all current community income and accumulated community property were deposited. Deposits amounting to a total of $180,763 were made to this account from January 1 to October 30, 1973. Of this amount, $17,353 constituted current community income and the balance represented accumulated community receipts.

Separate Federal individual income tax returns were filed by petitioner and Harvey Furgatch for the tax year ending December 31, 1973. On the returns, they each reported one-half of the current community income for 1973 ($8,676) as income.

From January 1, 1973, to June 30, 1973, Mr. Furgatch issued a monthly check for $625 to petitioner. Petitioner charged additional expenses during this period which, together with the monthly checks, totaled $29,377. Mr. Furgatch paid this entire sum from the community account. In addition, from January 1, 1973, to June 30, 1973, $4,686 was drawn on the community account for the support of the minor children, for which petitioner had the support obligation. During the same period, Mr. Furgatch withdrew $18,244 from the community account for his own living expenses.

The community account was transferred to a California partnership, called the Furgatch Investment Co., on July 1, 1973, in accordance with the terms of a marriage settlement agreement. The Furgatch Investment Co. was formed by Ronda and Harvey Furgatch to pay the community debts and obligations still outstanding at the date of dissolution. The agreement provided for equal distribution of any income or capital remaining in the partnership to Ronda and Harvey Furgatch after all community obligations had been satisfied. A final judgment of dissolution of the marriage of Ronda and Harvey Furgatch was entered by the Superior Court of the State of California on August 28, 1973.

Petitioner included as alimony income only those payments which she contends represent withdrawals in excess of her community share in the joint account. She computed the amount of taxable alimony income for the period from January 1, 1973, to June 30, 1973 (the relevant period of inquiry) as follows:

| | |
|---|---|
| Funds expended on wife | $29,377 |
| Funds expended on husband | (18,244) |
| Excess to wife | 11,133 |

Reduced by one-half, representing return to
petitioner of her share of community property...............($5,567)
Balance—taxable alimony ............................................ 5,567

Petitioner did not include as alimony income the amounts spent for the support of the minor children, for which she had the legal duty of support.

In redetermining the amount of alimony income petitioner received, respondent now contends that she received $17,031 of taxable alimony, representing payments made to her by her husband which exceeded her interest in the community income earned during the period payments were made, and her share of previously accumulated community property. Of the total amount of $34,063 paid to petitioner for her support and the support of the minor children, respondent first attributes the payments to the current community income of petitioner and Mr. Furgatch, and the balance to accumulated community property. He computes the taxable alimony income for the period from January 1, 1973, to June 30, 1973, as follows:

Total amount received ...................................... $34,063
Current community income ............................... 17,353
  a.  Petitioner's share included
     in 1973 return under sec. 61..................... 8,676
  b.  One-half derived from husband's share,
     taxable to petitioner as alimony.......................... $8,676
Accumulated community property ....................... 16,710
  a.  Petitioner's share previously included
     in gross income under sec. 61 .................. 8,355
  b.  One-half derived from husband's share,
     taxable to petitioner as alimony.......................... 8,355
    Total taxable alimony........................................... 17,031
Reduced by alimony received prior to July 1973
reported as alimony income by petitioner on her return ... (5,567)
Additional alimony income to be included
under sec. 71(a)(3)................................................ 11,464

The issue for our decision is how to treat support payments derived from community funds made pursuant to a court order. Essentially, respondent argues that one-half of the payments are taxable alimony payments because this amount represents the husband's interest in the current community earnings and previously accumulated community property which was paid to

petitioner as periodic support under the court order. Petitioner, on the other hand, argues that since her husband also withdrew $18,244 of community funds from the community account for his own living expenses from January 1 to June 30, 1973, the relevant period of inquiry, she is taxable only on one-half of the surplus she received from the community account. For the following reasons, we agree with respondent.

Under section 71(a)(3),[4] periodic support payments received by the wife from her husband pursuant to a court decree while they are separated are taxable as income. In and of itself, this concept seems fairly straightforward. The problem arises because in a community property State each spouse has a present, vested, equal interest in the community property, and one-half of the community income is also taxable to the wife as gross income under section 61.[5] *United States v. Mitchell*, 403 U.S. 190 (1971); *Kimes v. Commissioner*, 55 T.C. 774 (1971); *Hunt v. Commissioner*, 22 T.C. 228 (1954). Taxation under section 61 occurs even though the husband has management and control over the community property and the wife may receive none or only a small part of the community income on which she has paid tax. *Kimes v. Commissoner, supra; Hunt v. Commissioner, supra.*

Thus, when the husband and wife are separated in a community property State, and the husband is making support payments to the wife out of community income, the general principles of taxation under section 61 and the more detailed provision taxing support payments under 71(a)(3) both seem to apply. However, it is clear that to apply both provisions would result in double taxation. The wife would have to pay tax on one-half of the community income generated during the year under section 61, and then, when and if she received any money in the form of

---

[4]Sec. 71(a)(3) provides:

SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS.

(3) DECREE FOR SUPPORT.—If a wife is separated from her husband, the wife's gross income includes periodic payments (whether or not made at regular intervals) received by her after the date of the enactment of this title from her husband under a decree entered after March 1, 1954, requiring the husband to make the payments for her support or maintenance. This paragraph shall not apply if the husband and wife make a single return jointly.

[5]Sec. 61, in relevant part, provides:

SEC. 61. GROSS INCOME DEFINED.

(a) GENERAL DEFINITION.—Except as otherwise provided in this subtitle, gross income means all income from whatever source derived * * *

support payments from her husband out of community income, she would be taxed again under section 71(a)(3).

When confronted with this situation, this Court held that until her interest in the community was terminated, the wife must include in her income under section 61, one-half of her husband's earnings which, under the applicable State law at the time, constituted community property. *Kimes v. Commissioner, supra; Hunt v. Commissioner, supra.* However, to avoid double taxation, we held that the amount she received as support payments, which was significantly less than her taxable share of the community earnings, was not taxable under the predecessor of 71(a)(3) because such payments merely represented her own share of the community income being returned to her, rather than payments received from her husband. *Hunt v. Commissioner, supra.*

In California, the respective interests of the husband and wife in community property during the continuance of the marriage are present, existing, and equal interests, which under the law applicable in 1973, was under the management and control of the husband. Cal. Civ. Code sec. 5105 (West 1970). The marriage relation is dissolved only by death of one of the parties, the judgment of a court of competent jurisdiction decreeing a dissolution of the marriage, or a judgment of nullity. Cal. Civ. Code sec. 4500 (West 1970). Following our reasoning in *Hunt v. Commissioner, supra,*[6] and his published view of the matter contained in Rev. Rul. 62–115, 1962–2 C.B. 23, respondent allocated the amounts received by petitioner first to current community income. To the extent that the payments received were in excess of petitioner's interest in the current community earnings taxed to her that year under section 61, respondent treated them as being derived from her husband's share of the current earnings, taxable as alimony income under section

---

[6]When *Hunt v. Commissioner,* 22 T.C. 228 (1954), was decided, the earnings of the husband after separation but prior to the dissolution of the community, constituted community property. In 1972, the law in California was changed to provide that the earnings of either spouse after separation constitute his/her separate property. Cal. Civ. Code sec. 5118 (West Supp. 1980). However, it is undisputed in the case before us that the income we are concerned with is community income generated from community assets, and that all of the support payments were derived from community funds. Therefore, the rationale of *Hunt v. Commissioner, supra,* is fully applicable.

71(a)(3). This much of the allocation seems entirely consistent with *Hunt v. Commissioner, supra.*

This did not exhaust the support payments petitioner received, however. Respondent allocated the balance to accumulated community funds—half of which was counted as petitioner's vested share of the community property previously taxed under section 61. The remaining half was counted as her husband's interest in the accumulated community property, taxable to petitioner as alimony income.

Petitioner's main dispute with respondent's method is that it does not take into account the fact that during the same time period, her husband withdrew $18,244 from the community account for his own living expenses, half of which represented her share in the community property. Therefore, she argues, the amount received by her must first be reduced by the amount her husband spent on himself. Rephrased, she argues that to the extent she and her husband both withdrew $18,244 from the community account, they made a voluntary, equal division of community property, and she is only subject to tax on one-half of the surplus received for her support.

Although logically appealing, we cannot share this view. In effect, what petitioner would have us do is to divide the community property of the parties, a role for the State court rather than the Tax Court. See Cal. Civ. Code sec. 4800 (West 1970). The State court ordered that the husband make monthly support payments of $625 to the wife and, in addition, pay such amounts as to maintain her standard of living. Under State law as in effect for 1973, the court was directed to first resort to community property to enforce its support order. Cal. Civ. Code sec. 4805 (West 1970).[7] Petitioner should not be taxed on the amount received which represents her share of the community income, on which she has paid tax. However, the excess of her interest which represents her husband's vested share of the community property is taxable under section 71(a)(3).

We can understand petitioner's dismay that the husband withdrew money from the community account for his own living

---

[7]California has subsequently amended its law to provide that in enforcing the support order, the court shall first resort to the earnings of either spouse while living apart, which would constitute separate property. See Cal. Civ. Code sec. 4805 (West Supp. 1980). See also Cal. Civ. Code sec. 5118 (West Supp. 1980).

expenses. Indeed, such expenditures seem contrary to a provision of the order of support rendered by the Superior Court of California which prohibits the husband from disposing of any of the community property other than in the ordinary course of business.[8] However, petitioner's remedy for the personal expenditures made by her husband out of the community fund lies in the State court when the community is ultimately terminated. The law in California specifically empowers the State court, in making the final division of the community property, to make an additional award or offset from one party's share of any sum it determines to have been deliberately misappropriated to the exclusion of the community property interest of the other party. Cal. Civ. Code sec. 4800 (West 1970). See also *In re Marriage of Jafeman*, 105 Cal. Rptr. 483, 29 Cal. App. 3d 244 (1972).[9]

Before the final division of the community property, other community obligations will be satisfied. Just as an accounting is not made contemporaneously as each community debt is paid off, an accounting should not be made in this situation to offset the amounts petitioner received with the amounts her husband withdrew. To accept petitioner's argument would mean that taxation of support payments derived from community funds would be dependent upon what the husband happened to spend on himself during the same time period, even though the expenditure may have been improper and may be recovered pursuant to a final accounting. While having superficial appeal, this result cannot be harmonized with the statute.

As stated before, petitioner should not be taxed under section 71(a)(3) for the amounts received as support payments which she reported as her share of the community earnings during the year of the payments under section 61. Respondent does not seek to do otherwise. His method of allocating the payments first to current community income, and taxing under 71(a)(3) what the wife received from her husband over and above her reported

---

[8]In addition, the fact that in 1973 the earnings of Mr. Furgatch after separation constituted his separate property suggests that it may have been improper for him to delve into the community till for personal living expenses. See Cal. Civ. Code sec. 5118 (West Supp. 1980).

[9]We also note that it was pursuant to an agreement executed by the parties that the community account was transferred on July 1, 1973, to a California partnership in order to pay the community debts still outstanding at the date of dissolution. Petitioner could have protected herself in the agreement by providing for reimbursement to the community account of any funds used by the husband for personal living expenses.

community share, and allocating the balance to accumulated community funds, half of which should be taxed under 71(a)(3) as representing the husband's vested interest in the funds paid for petitioner's support, is reasonable and correct and in accordance with our reasoning in *Hunt v. Commissioner, supra.*

In addition, petitioner did not include as alimony income the payment of expenses attributable to the minor children for which she had the support obligation. This was in error. Where, as in this case, no portion of the periodic support payments was specifically designated by the court order as support for the minor children, the entire sum is treated as support payments made to the wife under 71(a). *Commissioner v. Lester,* 366 U.S. 299 (1961); sec. 1.71–1(e), Income Tax Regs. Therefore, we find that respondent correctly determined that petitioner received $11,464 of additional alimony income for 1973.

Respondent concedes that, if we find for him on the first issue, petitioner is entitled to a second dependency exemption for the support of the minor children. To reflect the foregoing,

*Decision will be entered under Rule 155.*