ARTHUR BRISON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brison v. Commissioner
Docket Nos. 11312-80, 21352-81.
United States Tax Court
T.C. Memo 1983-101; 1983 Tax Ct. Memo LEXIS 692; 45 T.C.M. (CCH) 784; T.C.M. (RIA) 83101; February 14, 1983. Arthur Brison, pro se. Randy G. Durfee, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: In these consolidated cases respondent determined the following deficiencies in petitioner's Federal income taxes and additions to tax: Additions to Tax
Docket No.
Year
Deficiency
Sec. 6651(a)
Sec. 6653(a)
Sec. 6654 [1]
11312-80
1975
$3,374.33
$843.58
$168.72
$146.11
11312-80
1976
6,044.01
1,298.50
259.70
185.54
21352-81
1977
6,107.43
1,314.23
305.37
180.80
21352-81
1978
4,436.70
1,080.18
221.84
136.72
*693 The issues are (1) whether petitioner is liable for the deficiencies determined by respondent notwithstanding various constitutional claims; (2) whether petitioner is liable for additions to tax for failure to file Federal income tax returns, negligence or intentional disregard of rules and regulations, and failure to pay estimated tax. The parties have not filed a stipulation of facts in these cases. The pertinent facts, as contained in the pleadings and respondent's requests for admissions herein, are summarized below. Arthur Brison (petitioner) was a resident of Coeur d'Alene, Idaho, at the time he filed his petitions herein. During the years 1975 through 1978 he and his wife, Phyllis E. brison, were residents of Idaho, a community property state.
For the years 1975, 1977 and 1978 the petitioner filed Forms 1040 with the Internal Revenue Service Center at Ogden, Utah, on which he provided no information with respect to his income, deductions, credits or tax liability. Instead, the Forms 1040 are replete with petitioner's objections in reliance primarily on the Fifth Amendment to the Constitution of the United States and his assertion that he believes Federal Reserve *694 Notes are not "dollars," but an account receivable. [2] Petitioner did not file a Federal income tax return for the year 1976. During the years in issue the petitioner was employed as a contract longhaul truck driver for several trucking companies from which he received income. His wife also received employment income during these years. In his notices of deficiencies respondent determined that since petitioner and his wife had not reported their community income, each should have reported 50 percent thereof. See and compare United States v. Mitchell,403 U.S. 190 (1971); Goodell v. Koch,282 U.S. 118 (1930); Hunt v. Commissioner,22 T.C. 228, 230 (1954). Therefore, respondent made adjustments to the community income and deductions of petitioner and his wife. On April 12, 1982, respondent served *695 on petitioner requests for admissions pursuant to Rule 90. [3] In his response the petitioner objected to paragraphs 6 through 13 of the requests for admissions on Fourth and Fifth Amendment grounds. [4] After examining petitioner's objections, we found them to be without merit. Therefore, the objections were held insufficient, and the petitioner was directed to fully answer respondent's requests for admissions. *696 Petitioner has not answered any of the requests for admissions, as ordered by the Court. Accordingly, pursuant to Rule 90(d) and (e), each matter contained in respondent's requests have been deemed admitted for purposes of this case. See also Rules 104(c)(3) and 123(b) as to possible additional sanctions, which the Court could impose for failure to comply with its order. Petitioner has the burden of proving that the deficiencies and additions to tax determined by respondent are incorrect. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). When this case was called for trial at Helena, Montana, the petitioner presented no evidence in support of the assignments of error alleged in his petitions. Therefore, he has failed to meet his burden of proof. Petitioner's claim on his Forms 1040 that he "does not understand" Federal Reserve Notes to be taxable "dollars" is frivolous. Hatfield v. Commissioner,68 T.C. 895, 897 (1977); United States v. Wangrud,533 F.2d 495 (9th Cir. 1976); Leitch v. Commissioner,T.C. Memo. 1981-504. There is no evidence that petitioner's Fourth Amendment rights have been violated. *697 The argument lacks merit. "Requiring taxpayers, who institute civil proceedings protesting deficiency notices, to produce records or face dismissal constitutes no invasion of privacy or unlawful search or seizure." Edwards v. Commissioner,680 F.2d 1268, 1270 (9th Cir. 1982). We also reject petitioner's Fifth Amendment claims. His argument that he was not required to complete his Federal income tax returns because of his privilege regarding self-incrimination does not apply where the possibility of criminal prosecution is remote or unlikely. Remote or speculative possibilities of prosecution for unspecified crimes are not sufficient. Rechtzigel v. Commissioner,79 T.C. 132 (1982), on appeal (8th Cir., August 30, 1982); Reiff v. Commissioner,77 T.C. 1169, 1174 (1981); Burns v. Commissioner,76 T.C. 706 (1981); Wilkinson v. Commissioner,71 T.C. 633 (1979); Ryan v. Commissioner,67 T.C. 212, 217 (1976), affd. 568 F.2d 531 (7th Cir. 1977); Figueiredo v. Commissioner,54 T.C. 1508, 1511-1512 (1970), affd. in an unpublished order (9th Cir., March 14, 1973). *698 To successfully invoke the Fifth Amendment privilege, the hazards of self-incrimination must be substantial, real, and appreciable, and petitioner must have reasonable cause to apprehend such danger. McCoy v. Commissioner,     F.2d    , 83-1 USTC par. 9152 (9th Cir. 1983), affg. 76 T.C. 1027 (1981); Edwards v. Commissiner,supra;Neff v. Commissioner,615 F.2d 1235, 1239 (9th Cir. 1980). Here the Court is satisfied that any possible danger of self-incrimination for a tax or nontax crime is so remote and so speculative that it cannot support a Fifth Amendment claim. Petitioner's "fear," is unreasonable and frivolous in light of the fact that he had never been previously audited and that respondent's counsel has represented to the Court that no criminal tax prosecution of petitioner has ever been recommended or contemplated. See Edwards v. Commissioner,supra;Watson v. Commissioner,690 F.2d 429 (5th Cir. 1982); United States v. Johnson,577 F.2d 1304, 1311 (5th Cir. 1978). Accordingly, we sustain respondent's determinations of deficiencies for all *699 the years in issue. With respect to the additions to tax, section 6651(a) provides for an addition to tax for failure to file a timely return unless the failure to do so is shown to be due to reasonable cause and not due to willful neglect. Petitioner's assertion that the Fifth Amendment justifies a failure to file income tax returns is incorrect.[5] The Fifth Amendment has no application to the requirement to file where, as here, there is no indication of any criminal prosecution or investigation in progress. See and compare Morelli v. Commissioner,T.C. Memo. 1981-293. In any event a valid Fifth Amendment claim of privilege would not relieve petitioner of his obligation to satisfy his burden of proof in a case such as this. Hartman v. Commissioner,65 T.C. 542, 547 (1975); Roberts v. Commissioner,62 T.C. 834, 838 (1974). As mentioned above, petitioner has presented no evidence justifying his failure to file returns during the years in question. To qualify as a valid return, a document must contain sufficient information to enable the Commissioner *700 to compute the liability with respect to a particular tax of a taxpayer. Automobile Club of Michigan v. Commissioner,353 U.S. 180, 188 (1957); United States v. Edelson,604 F.2d 232 (3d Cir. 1979); United States v. Johnson,supra;United States v. Daly,481 F.2d 28 (8th Cir. 1973); Reiff v. Commissioner,supra.Forms 1040 do not qualify as returns when they do not specifically state the items of gross income and the deductions and credits claimed by the taxpayer. See United States v. Moore,627 F.2d 830 (7th Cir. 1980); Sanders v. Commissioner,21 T.C. 1012 (1954), affd. 225 F.2d 629 (10th Cir. 1955).
It is clear that the Forms 1040 filed by petitioner do not constitute income tax returns. The disclosure of the data to be provided on a return must be provided in a uniform, complete, and orderly fashion. Commissioner v. Lane-Wells Co.,321 U.S. 219 (1944). Here the petitioner's material consisted of the Form 1040 and several "packaged" pages of rambling articles ranging in subject matter from abortion to "big brtherism." *701 Such material does not supplant that which is required to establish a valid return. [6]
Furthermore, petitioner has not demonstrated a "bona fide misunderstanding as to his liability for the tax, [or] as to his duty to make a return." United States v. Murdock,290 U.S. 389, 396 (1933). He did file Federal income tax returns for 1973 and 1974. We are convinced that his arguments explaining his failure to file for the years in issue were not due to reasonable cause. See Muste v. Commissioner,35 T.C. 913 (1961); Richardson v. Commissioner,72 T.C. 818 (1979); Hatfield v. Commissioner,68 T.C. 895 (1977). Accordingly, we sustain respondent's determination of the additions to tax under section 6651(a). Petitioner has also presented no evidence to show why respondent's determinations with respect to the additions to tax under sections 6653(a) and 6654 are incorrect.Therefore, we sustain the determinations. *702 [7]
Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the years in question, unless otherwise indicated.↩
2. Petitioner also objected under the First, Fourth, Seventh, Eighth, Ninth, Tenth, Thirteenth, Fourteenth and Sixteenth Amendments on his Forms 1040, but has never subsequently raised such objections. We find the objections to be frivolous and without merit. Wilkinson v. Commissioner,71 T.C. 633↩ (1979).
3. All rule references are to the Tax Court Rules of Practice and Procedure. ↩
4. Paragraphs 6 through 13 of respondent's requests for admissions read, in pertinent part, as follows: 6. During the taxable years 1975 through 1978 the petitioner was employed as a contract longhaul truck-driver. 7. During the taxable year 1975 the petitioner received payments for his employment * * * of $31,933.90 from Mitchell Brothers Truck Lines. 8. During the taxable year 1975 the petitioner received payments for his employment * * * of $20,673.87 from Builder's Transport, Inc. which is evidenced by a true and correct copy of a Form 1099 issued to [sic] Builder's Transport, Inc. to the petitioner * * *. 9. During the taxable year 1976 the petitioner received payments for his employment * * * of $30,940.33 from Builder's Transport, Inc. which is evidenced by [a Form 1099] * * *. 10. During the taxable year 1976 the eetitioner received payments for his employment * * * of $23,708.54 from C. & H. Transportation Co. 11. During the taxable year 1977 the petitioner received payments for his employment * * * of $11,661.29 from C. & H. Transportation Company as is evidenced by [a Form 1099] * * *. 12. During the taxable year 1977 the petitioner received payments for his employment * * * of $52,440.43 from Bekins Van Lines Company which is evidenced by [a Form 1099] * * *. 13. During the taxable year 1978 the petitioner received payments for his employment * * * of $60,208.94 from Bekins Van Lines Company which is evidenced by [a Form 1099] * * *.↩
5. See United States v. Sullivan,274 U.S. 259↩ (1927).
6. We also note that in reaching this conclusion we could have relied solely upon petitioner's admissions (in response to respondent's requests for admissions) that he did not file returns for the years in question.↩
7. In the conclusion to his brief the petitioner stated: I have now put my faith in God, my Constitutional rights, and the American judicial system, and what has been the outcome? * * * I can guess what the ultimate outcome of my case and this brief will be, and that is, you will cite a few cases contrary to and denying my rights on the grounds that they are frivolous and you will rule against me. This argument is reminiscent of a situation which apparently occurred years ago in the Tax Court. A petitioner, nearing the close of the trial of his case, exclaimed, "As God is my judge, I do not owe this tax." Judge J. Edgar Murdock was reputed to have answered, "He isn't. I am. You do." See 68 T.C. XII. The same remarks are apropos here. The petitioner has guessed right.↩