ATAO HEALY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Healy v. Commissioner
Docket No. 30316-85
United States Tax Court
T.C. Memo 1989-375; 1989 Tax Ct. Memo LEXIS 374; 57 T.C.M. (CCH) 1085; T.C.M. (RIA) 89375; July 26, 1989
Atao Healy, pro se. Thomas Travers, for the respondent. PARR
MEMORANDUM FINDINGS OF FACT AND OPINION PARR, Judge: Respondent determined a deficiency in petitioner's 1981 income tax of $ 19,250.00 and additions to tax in the amounts of $ 962.50 and 50 percent of the interest due on $ 19,250.00 under sections 6653(a)(1)[1] and (a)(2), respectively. After concessions, we must decide (1) whether petitioner is entitled to her claimed dependency exemptions; (2) whether petitioner has unreported community income; (3) whether petitioner is entitled to the itemized deductions respondent disallowed; (4) whether the amount petitioner reported as a dividend is excludable *375 from income; and (5) whether petitioner is liable for the additions to tax. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulated facts and exhibits are incorporated by this reference. Petitioner resided in Fountain Valley, Calif., when she filed her petition in this case. Petitioner timely filed her 1981 Federal income tax return under the status married filing separately. During 1981 petitioner was married to Dr. John Healy, a chiropractor, and she worked as a cashier. Petitioner reported W-2 wage income of $ 14,180.00 on her return. All of these wages were earned by Mrs. Healy while working as a cashier. Mrs. Healy did not include any of her husband's income in her return. Petitioner also claimed one personal exemption plus exemptions for her husband, her son and two other relatives. Respondent disallowed all but the personal exemption for lack of substantiation. At trial respondent conceded that petitioner is entitled to deductions as claimed on Schedule A of her return for state and local income taxes, real estate taxes, and sales taxes, as well as union dues. Petitioner conceded she is not entitled to a charitable contribution *376 to the Universal Life Church. The following deductions are still in dispute: Interest:
Home mortgage
$ 4,920.00
Accordian
203.00
Miscellaneous Deductions:
Publication
400.00
Respondent disallowed these deductions because of inadequate substantiation. Petitioner also reported a dividend of $ 2,863.00 from the Capital Preservation Fund. Although respondent originally determined a greater dividend was paid, he has conceded that the amount was correctly reported. At trial petitioner contended, however, that the amount was excludable from income. OPINION Petitioner bears the burden of proof on all issues in this case. Rule 142(a), Tax Court Rules of Practice and Procedure.
Dependency Exemptions
Petitioner claimed a personal exemption for herself plus exemptions for her husband, son and Show-Chi Kuo and Sun Yu Kuo listed as petitioner's mother-in-law and father-in-law, respectively. [2] Respondent disallowed all except the personal exemption. At trial petitioner presented no evidence that she was entitled to the dependency exemptions. We hold *377 for respondent on this issue. Community Income
Respondent determined that Dr. Healy had income of $ 60,018.00 in 1981. California is a community property state. Taxpayers in community property states are required under Federal tax law to report one-half of the "community" income. United States v. Malcolm, 282 U.S. 792 (1931); Hunt v. Commissioner, 22 T.C. 228 (1954). Thus, petitioner is required to report not only one-half of her income, but one-half of her husband's income as well. The evidence in this case demonstrates that respondent's determination of Dr. Healy's wage income for 1981 was incorrect. Dr. Healy drew a salary from the chiropractic practice with which he was affiliated. Respondent, however, also determined that Dr. Healy received payments from insurance companies. Dr. Healy testified, and we believe, that *378 these insurance payments, although payable to Dr. Healy, were in fact paid to the owner of the chiropractic practice, Dr. Raymond Moser. Therefore, the portion of respondent's determination relating to income from insurance payments is not includable in petitioner's income. According to respondent, Dr. Healy had W-2 income of $ 35,385.00 in 1981. Dr. Healy contends that this may be an incorrect amount. However, Dr. Healy was uncooperative, if not evasive, when the Court questioned him about the correct amount of wage income for 1981. When forced to estimate his earnings he estimated he received $ 25,000 in 1981. We are unable to believe that Dr. Healy's estimate is more reliable than respondent's determination, which is presumed to be correct. Therefore, we find that petitioner must include $ 17,692.50 as income for 1981 ($ 35,385.00 X .5). Petitioner's income must be further adjusted in 1981, however. Mrs. Healy earned $ 14,179.77 as a cashier in 1981. She reported $ 14,180 as wage income of her return. Mrs. Healy is liable for only one-half of the community income. Thus, she need only include one half of her own wage income on her return (the remaining one half would *379 be reportable by her husband). Mrs. Healy's wage income must be reduced by $ 7,089.88. Finally, on the matter of community income, respondent determined petitioner failed to include $ 3,088.00 in community income earned from interest. Petitioner did not present any evidence on this matter. Therefore we uphold respondent's determination. Itemized Deductions
(a) Interest In 1981 petitioner claimed interest expense deductions of $ 4,920.00 for a home mortgage and $ 203.00 for an accordian. Dr. Healy testified that the first mortgage on their home was at 10-3/4 percent. The payment of interest and principal was approximately $ 700.50 per month, or $ 8,406.00 per year. Petitioner did not submit the mortgage note itself or any evidence as to the breakdown between principal and interest. Dr. Healy testified that the second mortgage payment of $ 119.00 per month was all interest. He stated the second mortgage was taken out for three years and had a balloon payment due in 1982 or 1983. Again, the mortgage note was not submitted in evidence. Since we do not doubt that the Healys in fact incurred interest expense based on the information we have, we may estimate those expenditures, *380 bearing against petitioner whose inexactitude is of his own making. Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). Treating the interest as simple rather than compound interest, we find that, as to the first mortgage, petitioner may deduct $ 407.97 (.5 X .1075 X ($ 8,406.00/1.1075)). Additionally, we believe the monthly payment of $ 119.00 was purely interest. Petitioner's share of this is $ 59.50. Therefore, Mrs. Healy may deduct one half of the total amount of home interest expended, or $ 467.47. Petitioner also deducted $ 203.00 in interest for an accordian. No evidence was presented on this issue. Petitioner is not entitled to this deduction. (b) Miscellaneous Petitioner claimed a $ 400.00 deduction for a subscription to the "Richard May Report" for investments. Petitioner offered no documentary evidence to substantiate the expenditure. Dr. Healy testified that this publication was to assist him in keeping track of the stock market. He testified that he and his wife had approximately $ 20,000.00 invested in the market during 1981. However, petitioner's Form 1040 shows only $ 15.00 of interest income and no dividend income apart from the Capital *381 Preservation Fund, which we assumed was managed by others. Moreover, no stock trades are shown on petitioner's return. The Healys do not appear to have been actively trading stock. Therefore, we cannot find that the publication was an ordinary and necessary expense for the management, conservation or maintenance of property held for the production of income. Section 212. Petitioner may not claim this deduction. Dividend Income
Petitioner reported dividend income from the Capital Preservation Fund of $ 2,863.00. At trial, respondent conceded that petitioner had reported the correct amount. Petitioner now claims, however, that the amount was properly excludable from income. The Form 1099 for 1981 issued to petitioner, and received in evidence without objection, states that the entire dividend qualifies for exclusion. We find for petitioner on this issue. Additions to Tax
Respondent determined petitioner was subject to additions to tax equal to 50 percent of the interest on the underpayment plus five percent of the underpayment due to negligence. Petitioner bears the burden *382 of proving she is not liable for these additions to tax. Bixby v. Commissioner, 58 T.C. 757 (1972). Petitioner presented no evidence to suggest the additions were not properly applied. We find for respondent on this issue. To reflect concessions and the foregoing, Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code as amended and in effect during 1981.↩
2. We note that Dr. Healy filled out petitioner's tax return. This would explain why petitioner's "in-laws" do not have her last name. In all likelihood these people are petitioner's parents and Dr. Healy's in-laws.↩